CITICORP MORTGAGE, INC. *v.*
GEORGE D. PORTO ET AL.
(15179)

Dupont, C. J., and Lavery and Hennessy, Js.

Argued February 22—officially released June 4, 1996

*Frederick P. Leaf,* for the appellant (named defendant).

*Leanne M. Kinsley,* for the appellee (plaintiff).

LAVERY, J. In this action to foreclose a mortgage, the defendant, George Porto,[1] appeals from the judgment of the trial court granting the plaintiff's motion for summary judgment. On appeal, the defendant claims that the trial court improperly concluded that the plaintiff had no duty to give notice of acceleration to the defendant prior to accelerating the debt. Although we agree with the defendant that the plaintiff had a duty to give notice of acceleration, we conclude that the plaintiff has complied with the notice requirements of the mortgage deed. We, therefore, affirm the judgment of the trial court.

The pleadings, affidavits and other documentary information presented to the trial court reveal the following facts. On April 8, 1987, the defendant and his spouse, Joanne Porto, executed a $193,600 promissory note payable to Citicorp Person-To-Person Financial Center of Connecticut, Inc. The note was secured by a mortgage on property at 15-17 Pendelton Street in New Haven. The note and mortgage deed were subsequently assigned to the plaintiff. Since November 1, 1993, the

---

[1] The plaintiff initially brought this action for foreclosure against George Porto and Joanne Porto as joint tenants of the mortgaged property, and against James Bonosconi, Robert Liedke and Patricia Spencer as tenants residing in the property. The plaintiff filed a motion for summary judgment against George Porto only. Because this appeal concerns the plaintiff's motion for summary judgment as against George Porto, we will refer to George Porto as the defendant.

defendant and Joanne Porto have failed to make payments on the note.

The mortgage deed provides that the plaintiff *shall* give notice to the defendant prior to acceleration of the debt.[2] The promissory note, however, provides that the holder of the note *may* send notice of acceleration upon default.[3] On January 4, 1994, the plaintiff sent a notice of acceleration addressed to the defendant and Joanne Porto at 60 Marvel Road in New Haven. At that time, the defendant and Joanne Porto were separated. Joanne Porto, while residing at 60 Marvel Road, received the notice of acceleration. The defendant was residing at 36 Exchange Street and was receiving his mail at 180 Lawrence Street.

The promissory note provides that notice of default or acceleration is to be sent to 15-17 Pendelton Street.[4] The trial court found that the defendant never gave the plaintiff notice of a different address. The trial court held, however, that the language of the note does not obligate the plaintiff to send a notice of default. The

[2] Paragraph nineteen of the mortgage provides in pertinent part: "Lender shall give notice to borrower prior to acceleration following borrower's breach of any covenant or agreement in this security instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this security instrument and foreclosure or sale of the property."

[3] Paragraph 6 (c) of the promissory note provides: "If I am in default, the note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the note holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on the amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me."

[4] Paragraph seven of the promissory note provides: "Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it first class to me at the property address above or at a different address if I give the note holder notice of my different address."

trial court concluded that the plaintiff complied with all conditions precedent to foreclosure and rendered summary judgment in favor of the plaintiff.

"The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; *Burns* v. *Hartford Hospital*, [192 Conn. 451, 455, 472 A.2d 1257 (1984)]. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 309, 407 A.2d 971 (1978). *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts. *Batick* v. *Seymour*, 186 Conn. 632, 647, 443 A.2d 471 (1982). *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, supra, 781, citing *Connell* v. *Colwell*, 214 Conn. 242, 246–47, 571 A.2d 116 (1990). *Trotta* v. *Branford*, 26 Conn. App. 407, 409–10, 601 A.2d 1036 (1992)." (Internal quotation marks omitted.) *New Milford Savings Bank* v. *Roina*, 38 Conn. App. 240, 243–44, 659 A.2d 1226, cert. denied, 235 Conn.

915, 665 A.2d 609 (1995). "Where the question whether proper notice was given depends upon the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." *Truslow & Fulle, Inc.* v. *Diamond Bottling Corp.*, 112 Conn. 181, 188, 151 A. 492 (1930).

We first address the issue of whether the notice provisions contained in the mortgage deed and note are mandatory and required the plaintiff to send notice of default to the defendant prior to instituting this action for foreclosure. The plaintiff argues that the use of the term *may* in the note indicates that no notice of default or acceleration is required prior to accelerating the note. The defendant argues that the use of the term *shall* in the mortgage deed required the plaintiff to give proper notice prior to foreclosure. We agree with the defendant that the language of the mortgage creates a condition precedent that must be satisfied prior to foreclosure.

Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed "is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions." 55 Am. Jur. 2d, Mortgages § 175 (1971). A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such. Id., § 176.

Applying these principles, we hold that under the terms of the note and mortgage deed proper notice of

default is a mandatory condition precedent to an action for foreclosure. The use of the term *may* in the notice provision of the note does not connote that the plaintiff had the option of sending notice prior to acceleration. The notice provision contained in the note, construed with reference to the acceleration provision in the mortgage deed, indicates that acceleration is an optional remedy for the plaintiff to pursue upon default by the defendant. We conclude that the trial court improperly held that the language of the note did not obligate the plaintiff to send notice of acceleration as outlined in the mortgage deed.

Although we hold that proper notice of acceleration is a necessary condition precedent to an action for foreclosure, we conclude that the plaintiff provided the defendant with proper notice by mailing the notice of acceleration to Joanne Porto. "While it appears that service of a notice upon one tenant in common is not usually regarded as binding upon the others, unless they are engaged in a common enterprise, the rule is different where the relation is that of a joint tenancy. In such a case, it is said that notice to one of them is binding upon all." 20 Am. Jur. 2d, Cotenancy and Joint Ownership § 113 (1995). In *Katz* v. *West Hartford*, 191 Conn. 594, 600–601, 469 A.2d 410 (1983), our Supreme Court stated: "In the case of cofiduciaries notice to one is deemed to be notice to the other. *American Surety Co. of New York* v. *McMullen*, 129 Conn. 575, 583, 30 A.2d 564 (1943); *Foster* v. *Mix*, 20 Conn. 395, 400 (1850). The same rule applies with respect to a joint tenancy. *Conrad* v. *Hawke*, 122 Cal. App. 649, 653, 10 P.2d 534 (1932). It also applies to tenants in common who are jointly pursing the common purpose of selling, leasing or managing their real estate. *Bronnenberg* v. *Indiana Union Traction Co.*, 59 Ind. App. 495, 499, 109 N.E. 784 (1915)." Notice to one of two joint obligors conveys notice to the other with respect to matters affecting

604

the joint obligation. *United States* v. *Fleisher Engineering & Construction Co.*, 107 F.2d 925, 929 (2d Cir. 1939).

In this case, the defendant concedes that Joanne Porto received actual notice of acceleration by virtue of the notice sent to 60 Marvel Road. Notice of acceleration, therefore, was conveyed to the defendant as a joint tenant and joint obligor on the note and mortgage deed. We find that the plaintiff has satisfied all conditions precedent to foreclosure and there is no genuine issue as to a material fact. We conclude that the trial court properly granted the plaintiff's motion for summary judgment.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.