[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This action seeks to foreclose a mortgage on residential real estate located in Stamford. On May 18, 1990, the defendants, Jack S. Scherban and Andrea L. Scherban, signed a promissory note in. the principal amount of $400,000, payable to the named plaintiff, Northeast Savings, F.A. On the same date, in order to secure said note, Andrea L. Scherban, owner of 52 Heather Drive, Stamford, in which she resided with her husband, the defendant Jack S. Scherban, executed a mortgage deed to the named plaintiff as mortgagee. The note and mortgage are now held by Berkeley Federal Bank Trust Company, hereinafter referred to as the plaintiff, by virtue of several assignments.
On October 2, 1993, the named plaintiff commenced this action and subsequently alleged in an amendment to the complaint dated October 24, 1994, that the defendants had failed to pay the CT Page 5351 monthly installment of principal and interest due on June 1, 1993, and that it had exercised its option to declare that the entire balance of the note was due, including principal, interest, late charges, an escrow advance, and the costs of collection, including a reasonable attorney's fee.
The defendants filed three special defenses, viz., that the named plaintiff had failed to provide them with: (1) certain required disclosures as provided by federal law; (2) a notice required by the Federal Trade Commission Credit Practices Rules;[1] and (3) a notice required by the state statute pertaining to creditors and consumer debtors. A fourth special defense was filed by Andrea L. Scherban pertaining to a failure by the named plaintiff to provide notice of homeowner counseling.
During the course of the trial, the plaintiff's complete file on this transaction was admitted in evidence without objection, and the defendants conceded that they were in default of payment of the monthly charge due June 1, 1993, and subsequent payments, and that they had been so notified by the mortgagee. The defendants contended, however, that they had not received proper notice of the named plaintiff's decision to accelerate the balance of the debt, and that such notice was a condition precedent to the validity of the present foreclosure action. After the close of evidence, the plaintiff moved to open the trial for the purpose of introducing two newly discovered notices to the defendants that the plaintiff contended satisfied its obligation to notify the defendants of the exercise of the option to accelerate. The trial was resumed on June 6, 1996, in order to fully analyze all the issues in the case. The two notices were admitted in evidence as business records, and the defendants cross examined the plaintiff's witness Ted Burrows, an assistant vice president of the named plaintiff, with regard thereto.
The first notice is dated June 1, 1993, and the second is dated July 2, 1993. Both are addressed to the defendants at their home address. The June notice reads in pertinent portion that "your mortgage is in default by reason of your failure to make the payment due for May 01, 1993.[2] To cure the default, you are required to remit to us $6676.71 to bring the account current within 30 days from the date this notice is mailed. Failure to cure such default on or before said date may result in acceleration of the sums secured by said mortgage and sale of the property described in said mortgage." The notice of July 2, 1993, is to the same effect. CT Page 5352
The defendants argue that they did not receive such notice but that in any event the notice was insufficient. The defendants contend that they were entitled to another notice to the effect that the foreclosing bank had in fact exercised its right to accelerate.
The resolution of this present case is assisted by CiticorpMortgage, Inc. v. Porto, 41 Conn. App. 598, 677 A.2d 10 (1996), which held that "notices of default and acceleration are controlled by the mortgage documents." Id., 602. In that case, the mortgage provided that the mortgagee "shall give notice to borrower prior to acceleration following borrower's breach of any covenant or agreement in this security instrument," and the mortgage also provided that the notice to the lender should specify what was necessary to cure the default and "a date not less than 30 days from the date the notice is given to the borrower, by which the default must be cured . . . and failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this security instrument and foreclosure or sale of the property." Id., 600 n. 2. The court determined that the "language of the mortgage creates a condition precedent that must be satisfied prior to foreclosures." Id., 602.
The language in the mortgage deed in this present case contains similar wording, because section 19 provides that "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify: (a) the default: (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the property . . . If the default is not cured on or before the date specified in the notice, Lender, at its option, may required immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any of the remedies permitted by applicable law." (emphasis added).[3]
Thus, the parties to the mortgage in this present case agreed that in the event of a default in payment, the mortgagee was obliged to notify the defendants as borrowers that the lender was CT Page 5353 providing not more than thirty days from the date of its notice for la the defendants to cure the default, or otherwise the lending bank might exercise its option to accelerate. The notice sent by the named plaintiff in this case complied precisely with the notice requirements of the mortgage deed executed by Andrea L. Scherban. As is said in Citicorp Mortgage, Inc. v. Porto,
supra, 41 Conn. App. 602, one must look to the "mortgage documents" in order to ascertain the obligations of the lender. The defendants do not cite any Connecticut statute that requires the lender to send any separate notice that a lender has in fact exercised its option to accelerate. In fact, in Hartford FederalSavings Loan Association v. Tucker, 196 Conn. 172,491 A.2d 1084, cert. denied, 474 U.S. 920 (1985), the defendant argued that the bank had not effectively exercised its option to accelerate the mortgage debt because the defendant received no notice of the acceleration. The court held, "[t]he short answer to this contention is that the institution of a foreclosure action constitutes a valid exercise of a mortgagee's acceleration right. . . . The defendant does not dispute that he received proper notice of the institution of the foreclosure actions." Id., 180.
The notice requirements are fixed by the language of the mortgage, and in this case the plaintiff sent out the notice it was required to send out in the event of a default. The defendants seek to impose another separate and distinct obligation on the plaintiff which is not contained in the mortgage and would require the lender to send out a second notice that it had in fact decided to accelerate. Accordingly, the plaintiff has proved compliance with a condition precedent to the bringing of this foreclosure action, namely, notice to the defendants that a failure to cure the default in a timely manner may result in an acceleration of the entire amount due. This acceleration, of course, occurred when the named plaintiff commenced this foreclosure in October, 1993.
It is also the court's opinion that the defendants have failed to sustain their burden of proof as to any of their special defenses. The first defense involves 15 U.S.C. § 1601, the Truth in Lending Act (TILA), which the defendants claim entitles them to rescind the transaction, an award of $1,000, attorney's fees and costs, because a fee for a tax service for the mortgage was actually $50, not $60, as shown on the a closing documents. However, TILA is not applicable to mortgages used to refinance existing mortgages, but only to those used for the CT Page 5354 acquisition of a dwelling. 15 U.S.C. § 1602(a). In this case, the premises were acquired in 1986, and the mortgage in question was used to pay off two existing mortgages. Therefore, the defendants would be entitled to a $10 credit on their debt to the plaintiff, but not a rescission of the note and mortgage.
The third special defense involves General Statutes §49-6d, which pertains to the obligation of a lender to notify a borrower of the right to counsel at the time an application for a loan is made. The defendants claim that there was no such notice and therefore the note and mortgage should be rescinded and the plaintiff should recover only the principal due, less payments made thereon. The named plaintiff's file indicates that the defendants received a booklet entitled "settlement costs and you," referring to the advisability of retaining counsel. In any event, the defendant Jack S. Scherban is an attorney with extensive experience in real estate matters, and he was present at the closing and represented both himself and his wife in this transaction. The exhibits indicate that Mr. Scherban communicated with the named plaintiff regarding this mortgage transaction and advised said plaintiff that their attorney at the closing would be David C. Erdos. Attorney Erdos was present at the closing on behalf of the defendants, and the lending bank had its own counsel in attendance. Moreover, Mrs. Scherban testified that she understood the transaction because her husband, an attorney, had explained it to her, and that she had no questions with regard thereto.
The special defense asserted on behalf of Andrea L. Scherban relates to 12 U.S.C. § 1701x(c)(5), the National Housing Act, and the obligation to provide homeowner's counseling. This defendant claims that the named plaintiff failed to notify her of the availability of such counseling, and that this notice is a condition precedent to foreclosing the mortgage in this present action. The defendant, however, did not submit any evidence that she was a first time buyer who met certain income requirements, and that her mortgage represented not less than 97% of the appraised value of her home, which was $500,000 at the time of the mortgage, all of which are prerequisites to the application of this counseling obligation. Moreover, Mrs. Scherban testified that the subject premises was their second home, not their first, and defendants' counsel so stipulated. Also, Mrs. Scherban testified that she never asked the named plaintiff or anyone else for homeowner's counseling. CT Page 5355
Thus, all issues are found for the plaintiff, and a judgment of strict foreclosure is entered. The court finds that based on a report and affidavit of Corinne L. Steigerwald, Connecticut Appraisals, Inc., and a stipulation by the parties that the fair market value of the subject premises is $435,000, and that the debt is $508,929.61, consisting of $389,540.32 of principal, $98,610.14 of interest to the date of this judgment, an escrow advance of $12,079.15, an appraisal fee of $450, a title search fee of $150, and attorney's fees in the amount of $8,100.
Law date for the owner of the equity of redemption is set for October 29, 1996, and subsequent days for subsequent encumbrances in the inverse order of their priorities. So Ordered.
Lewis, J.