[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On December 6, 1996, the plaintiff, Derby Savings Bank, filed an action to foreclose property located at Bull Hill Lane, Unit 206, Orange Landing Condominium in West Haven, Connecticut, owned by the defendants, Robert A Hilton and Alyce M. Tylinski a/k/a Alyce M. Hilton.
On January 8, 1997, the defendants filed an answer in which they admitted that they were makers of the note and mortgage at issue. They also asserted a special defense alleging that the plaintiff failed to provide timely notice of the defendants' default and acceleration as required under the note and mortgage.
On January 23, 1997, the plaintiff filed a motion for summary judgment as to the defendants' liability. The defendants have not filed a response as of today's date. CT Page 1445
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and Way Properties v. Colt's Manufacturing Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffadavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J., 11 Conn. L. Rptr. 113). "A foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done." Id., citing Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bank of Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). However, the court in First Federal v. Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action."
The plaintiff moves for summary judgment on the ground that there is no genuine issue of material fact regarding the defendants' failure to pay the promissory note pursuant to the terms of the note.
In their answer to the plaintiff's complaint, the defendants argue that they failed to receive notice that the plaintiff intended to accelerate the loan as required by the Security Agreement executed by the defendants. CT Page 1446
"Where the question whether proper notice was given depends on the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 602, 677 A.2d 10 (1996).
"It is always competent for parties to contract as to how notice shall be given, unless their contract is in conflict with law or public policy." Stratton v. Abington Mutual Fire Ins. Co.,9 Conn. App. 557, 562, 520 A.2d 617, cert. denied, 203 Conn. 807,525 A.2d 522 (1987). See also Westmoreland v. General Accident Fire Life Assurance Corp., 144 Conn. 265, 271, 129 A.2d 623
(1957).
The Security Agreement, in relevant part, provides: "Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Agreement. . . . The notice shall specify: a) the default; b) the action required to cure the default; c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Agreement and foreclosure or sale of the Property." (¶ 19). The Security Agreement also provides: "Any notice to Borrower provided for in this Security Agreement shall be given by delivering it or by mailing it by first class mail . . . to the Property Address or any other address Borrower designates by notice to Lender. . . ." (¶ 14).
The plaintiff has provided a copy of the acceleration notice contained in a certified letter from its attorneys addressed to the defendants dated September 23, 1996 that complies with the notice and mailing requirements of ¶ 19 and ¶ 14 as detailed above. The evidence also includes a postal receipt of the certified letter signed by Alyce Hilton.
The defendants do not provide any legal or factual argument contesting this evidence aside from their statement that they did not receive notice.
The defendants, who have admitted that they are makers of the note and mortgage, have failed to attack successfully the making, CT Page 1447 validity, or enforcement of the note and mortgage. Accordingly, the court grants the plaintiff's motion for summary judgment on the issue of liability.
The Court
By Curran, J.