[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The Appellate Court referred the plaintiff's motion to terminate stay to this court for a ruling. A hearing was held recently and the defendants correctly pointed out that the plaintiff's motion refers to Practice Book § 4146, rather than Practice Book § 4046. In addition, the plaintiff's motion does not analyze the only grounds on which an automatic stay may be terminated, viz., if the appeal is taken only for delay" or if required by "the due administration of justice."
The plaintiff's motion to terminate stay seeks reimbursement for the continued occupancy of the subject premises, 52 Heather Drive, Stamford, by the defendants during the three and a half years during which this action seeking a strict foreclosure has been pending. The plaintiff correctly points out that the debt is now over $530,000, that the parties had stipulated that the fair market value of the subject premises was $435,000, that taxes and insurance amount to about $12,000 a year, which is being paid by the plaintiff's successor, that defendant Jack S. Scherban filed for bankruptcy and has been discharged from his debts, and that he and his wife, defendant Andrea L. Scherban, have been living in the subject premises without making any payments to the plaintiff or its successors since June, 1993.
At the hearing on the plaintiff's motion to terminate, it was agreed by the parties that the plaintiff could readily file a corrected motion indicating the proper Practice Book citation and invoking the language regarding an appeal taken only for purposes of delay and/or referring to the phrase "due administration of justice." Thus, it was further agreed by the parties that the CT Page 5917 motion to terminate stay could be analyzed on its merits.
In terms of ordering the defendants "to pay a reasonable sum" for their use and occupancy of the subject premises, the plaintiff did not cite any specific statute, rule or precedent that would authorize the court to enter such an order. Therefore, the request for such an order is denied.
As to the question of whether this appeal was taken solely for purposes of delay or whether the due administration of justice requires a termination of the automatic stay, the defendants claim that their appeal presents two issues. The first is "whether the 120 day mandate of section 51-183b of the Connecticut General Statutes was violated." The second issue, according to the defendants, is "whether the plaintiff properly accelerated the debt which . . . is a condition precedent to even commencing a foreclosure action." In this court's opinion, neither of these claims has any merit for the following reasons.
The trial of this case ended on June 6, 1996, the defendants filed a brief on June 28, 1996, and the decision of this court was rendered on September 25, 1996, well within the 120 days mandated by General Statutes § 51-183b. The defendants persist in claiming erroneously that the trial ended on July 11, 1995, and that the last brief was filed by the defendants on September 21, 1995. However, on January 16, 1996, the plaintiff moved to open the trial in order to submit additional evidence. This motion was granted and the trial resumed in June, 1996, as mentioned previously.
The additional evidence that the plaintiff submitted at the June, 1996, hearing rebuts the second defense referred to by the defendants regarding the alleged lack of proper acceleration of the debt. At the trial in July, 1995, the plaintiff, with the agreement of the defendants, submitted the foreclosing bank's entire file in evidence, and the defendants conceded that they were in default of making their mortgage payments. Although the defendants never filed a special defense asserting a lack of proper acceleration of the debt, in their brief of September 21, 1995, the defendants did make that claim. As pointed out in the court's memorandum of decision dated September 25, 1996, at the continuation of the trial of this case in June, 1996, the plaintiff introduced into evidence two newly discovered notices sent to the defendants of the plaintiff's exercise of the option to accelerate. This court exercised its discretion to open the CT Page 5918 case for the purpose of taking additional evidence because the plaintiff's entire file did not contain such notices, the defendants never pleaded lack of proper notice, it was represented that the two notices were discovered after the trial in July, 1995, and the issue of acceleration became contested only after the trial was over. It was also noted that the identity of the plaintiff had undergone numerous changes during the pendency of this foreclosure by virtue of various assignments of the underlying promissory note and mortgage, which obviously complicated precise record keeping. As pointed out in the memorandum of decision, the two notices fully satisfied the standard of notice set out in Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 677 A.2d 10 (1996).
It is for these reasons that this court believes that the two issues claimed in the defendants' appeal have no merit. However, the question of whether the appeal itself was taken for delay only or whether the due administration of justice warrants a termination of stay presents a different issue. It is the court s opinion that the defendants should be allowed to present their arguments to the Appellate Court for resolution, without the termination of the automatic stay now in place, which would result in the setting of a new law date and their loss of the subject premises.
ln their special defenses and briefs the defendants also claimed that there were three other issues, to wit, alleged violations by the plaintiff of the Truth in Lending Act, of General Statutes § 49-6d regarding right to counsel, and of the National Housing Act concerning homeowner's counseling. In their objection to the termination of stay dated April 24, 1997, the defendants did not refer to these special defenses, so perhaps they have been abandoned, but in any event they were addressed in the court's memorandum of decision dated September 25, 1996.
Thus, the plaintiff's motion to terminate stay dated April 10, 1997, is denied.
So Ordered.
Dated at Stamford, Connecticut, this 9th day of May, 1997.
William B. Lewis, Judge CT Page 5919