[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present action was instituted to foreclose a mortgage on property located at 92 Mohawk street, Stratford, Connecticut for non payment of the mortgage note. The defendants have filed a special defense asserting that the plaintiff has failed to comply with provisions of the note and mortgage with respect to giving notice of default and/or acceleration.
The plaintiffs have now moved for summary judgment and have submitted affidavits and documentary evidence indicating the existence of the note and mortgage, notice of default, and the assignment to the present plaintiff.
The defendants oppose the granting of a Summary judgment and assert essentially three claims and have not submitted affidavits to contest the plaintiff's factual claims. The defendants make the following claims: 1) summary judgment is not appropriate to determine the validity of a special defense; 2) the notice provided to the defendants of default and acceleration is not in accordance with paragraph 19 of the mortgage and therefore the plaintiff has failed to satisfy a condition precedent to the institution of the present action; and 3) the submissions by the plaintiff are insufficient to establish that it is the current holder of the note and mortgage.
The plaintiff is not attempting to obtain a summary judgment with respect to the special defense. The plaintiff is attempting to obtain a summary judgment on the entire action which includes a claim that the special defense does not present a question of fact. The pleading of a special defense cannot, in of itself, defeat an otherwise proper Motion for Summary Judgment.
The mortgage documents provide the right of the acceleration of the debt upon certain conditions and further provides, in paragraph 19, as follows: CT Page 4203
 ."Lender shall give notice to the Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified to the notice may result in acceleration of the sums secured by this Security Instrument and in foreclosure or sale of the Property the notice shall further inform the Borrower of the right to reinstate after acceleration and the right to assert in court the nonexistence of a default or any other defense of Borrower to acceleration of foreclosure or sale.
The defendants claim that the notice sent to them, in effect, limits the right to reinstate the mortgage only prior to acceleration which is contrary to the provisions of paragraph 19 of the mortgage. The notice sent to the defendants states that they are in default in their obligations under the note and mortgage by failing to make payments and that failure to cure the default on or before November 7, 1997 may result in the bank declaring all sums due under the note. The second paragraph states: "you are further informed that you have the right to reinstate after acceleration and the right to assert in court the nonexistence of the default or any other defense which you may have to acceleration of foreclosure or sale." The third paragraph then states:
 If you intend to reinstate this Loan a bank or certified cashier check should be made payable to "New Haven Savings Bank" and must be sent or delivered so as to be received by the New Haven Savings Bank at 195 Church Street, New Haven, Conn. on or before November 7, 1997. If you do intend on reinstating, please contact the undersigned to verify the restatement amount."
The defendants claim that the notice is deficient in failing to clearly inform the defendants of their right to reinstate after acceleration and the third paragraph of the letter attempts to take away the right to reinstate after acceleration and constitutes a limitation on that right. The court does not read the letter in that way. The first paragraph notes the existence of default and necessity of curing that default on or before November 7 in order to avoid acceleration. The second paragraph of the letter specifically states that the defendants "have the right to reinstate after acceleration". The third paragraph of CT Page 4204 the letter, quoted above, provides information with respect to the reinstatement before the acceleration date of November 7. That paragraph does not by necessary import, or by implication, limit the direct statement contained in the previous paragraph that the defendants have the right to "reinstate after acceleration." Proper notice in accordance with the mortgage is a condition precedent to a foreclosure action. Citicorp Mortgage,Inc. v. Porta, 41 Conn. App. 598, 603 (1996). The notice provided by the plaintiff complies with that requirement.
The third ground of opposition by the defendant is based upon a claim that the plaintiff has failed to provide a sufficient basis that is the holder of the note and mortgage.
The plaintiff has submitted a certified copy of a recorded assignment of the mortgage note and mortgage by the Connecticut Savings Bank to the Gulf Coast Bank Trust Company. The certified copy also contains a notarized signature of the Senior Vice President of the Connecticut Savings Bank on the document. The plaintiff has also submitted an affidavit signed by Emile J. Babin, Jr., an authorized "agent" of the Gulf Coast Bank Trust Company which is itself notarized. That document states that Mr. Babin is familiar with the books and records of the bank as they apply to account of the defendants and specifically states that "that the Gulf Coast Bank Trust Co. is the present owner and holder of the subject note and mortgage dated May 1, 1985." The submissions by the plaintiff comply with Practice Book § 381.
Under such circumstances the claims the defendants cannot defeat the motion for summary judgment. Accordingly, summary judgment is hereby granted in favor of the plaintiff.
RUSH, JUDGE