[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #104
This matter involves the foreclosure of a mortgage on realty owned by the defendants located in the town of Milford, Connecticut. Following the filing of the defendant's answer to the complaint, the plaintiff filed the instant motion for summary CT Page 12336 judgment with supporting documents and an affidavit from an officer of an organization acting for the plaintiffs, an assignee of the original mortgagee, attesting to the fact that the plaintiff herein is the holder of the defendant's promissory note evidencing the existence of the loan, the outstanding balance and notice of default.
The defendant claims that the proffered evidence indicates the insufficiency of the notice of default and demonstrates the failure of the plaintiff to comply with the obligations of the mortgagee under the terms of the mortgage deed and note, thus raising disputed questions of fact which preclude the granting of the plaintiff's motion under Sec. 17-49 C.P.B.
Specifically, the defendant claims that the notice was not in compliance with paragraph 19 of the note and mortgage in that:
(1) the notice failed to adequately inform the defendants of the specific nature of the default,
(2) it failed to advise the defendants of the exact date by which the defendants would have an opportunity to cure the default, and,
(3) that the notice failed to advise the defendants that in the event of continued default, foreclosure would follow.
The defendant also claims that the affidavit of one Cheryl Clendaniel attesting to the identification of the defendants as the mortgagors, the outstanding debt due and owing and the assignment of the mortgage to the plaintiff herein as well as the sending of notice of the default to the defendants does not qualify as a business entry and should not be considered.
This court concludes that the notice as sent to the defendants (Exhibit B of the plaintiff's motion) was sufficiently clear in all respects so as to give the defendant reasonable notice of the basis of the default and the opportunity for the defendants to cure the basis of the default as well as the consequences upon a continued failure to bring the loan obligation into compliance. The court's review of the case ofCiticorp Mortgage, Inc. v. Porto, 41 Conn. App. 598 as cited by counsel for the defendant does not suggest that strict compliance to conditions precedent preclude an action to enforce an obligation. CT Page 12337
As to the claim of the sufficiency of the affidavit, this court likewise concludes that the affidavit and documentation, in the absence of any countervailing evidence, appears sufficiently genuine on their face as to be admissible in evidence as business records. The documents set out the identity and interests of the parties to the action and the status of the debt.
The thrust of New England Savings Bank v. Bedford RealtyCorp. , 246 Conn. 594 at p. 604 seems to suggest that business records such as offered here which appear reasonably trustworthy and authenticated are admissible.
Accordingly, the motion for summary judgment is granted.
George W. Ripley Judge Trial Referee