[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#112)
The plaintiff, First Trust National Association, commenced this foreclosure action by its complaint dated February 5, 1998 against the defendant, Don S. Weiss. The defendant mortgaged to Bristol Mortgage Corporation the premises known as 30 Royal Oaks Drive, Norwich, CT. Said mortgage was assigned to First Trust National Association by an assignment dated June 27, 1992. The plaintiff is now the holder of the mortgage which is now in default by virtue of the defendant's nonpayment. The plaintiff has exercised its option to declare the entire balance of the mortgage note due and payable. The plaintiff filed a motion for summary judgment alleging that no genuine issue of fact exists regarding the defendant's liability. The plaintiff also filed a memorandum in support of its motion. The defendant filed an objection to the plaintiffs motion for summary judgment and a memorandum of law in support of his objection.
"Practice Book § 384, [now practice book (1998 Rev.) § 17-49], provides summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994).
The plaintiff argues that "demand [for payment] and/or [notice of] acceleration" have not been properly made and, therefore, the plaintiff is not entitled to maintain this action. Specifically, the plaintiff asserts that he did not receive a "Notice of Default" as mandated under the mortgage instrument.[1] In opposition, the plaintiff submits by way of a sworn affidavit that a "Notice of Default", dated November 26, 1997, was mailed to the plaintiff by first class mail postage CT Page 14004 prepaid and that such notice was proper under the mortgage deed.
Under the terms of the mortgage deed notice of default is a mandatory condition precedent to an action for foreclosure. SeeCiticorp Mortgage. Inc. v. Porto, 41 Conn. App. 598, 603,677 A.2d 10 (1996). Thus, the issue presented is whether proper notice of default was provided to the defendant. "Where the question whether proper notice was given depends on the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." (Internal quotation marks omitted.) Citicorp Mortgage. Inc. v. Porto, supra,41 Conn. App. 602.
Notices of default and acceleration are controlled by the mortgage deed. Therefore, the question of notice is one of law to be determined by the language of the mortgage document. In the present case, the mortgage document provides that: "[a]ny notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail . . . [a]ny notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph." (Emphasis in original) Mortgage deed, ¶ 14.
"Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly." CiticorpMortgage, Inc. v. Porto, supra, 41 Conn. App. 602. "[I]t is always competent for parties to contract as to how notice shall be given, unless their contract is in conflict with law or public policy. When they do so contract, the giving of notice by the method contracted is sufficient whether it results in actual notice or not." (Internal quotation marks omitted.) Ehrhart v.Metropolitan Insurance Co., Superior Court, judicial district of Litchfield, Docket No. 066878 (February 1, 1996, Pickett, J.) (___ CONN. L. RPTR. ___). "When the provision in a policy is that notice by mail is sufficient; that provision is broad enough to cover all the kinds of mail which are commonly used to convey messages." (Internal quotation marks omitted.) Id. Here, the mortgage document indicates that notice may be given by first class mail. In contract situations where notice is permitted by mail, notice is deemed given at the time it is mailed. See StarrCT Page 14005v. Vigo, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 861918 (October 11, 1991, Berger,J.) (___ C.S.C.R. ___). Thus, a "Notice of Default" was given to the defendant in accordance with the terms of the mortgage document and actual receipt of the notice of default was not required.
Accordingly, the plaintiff s motion for summary judgment is granted.
Martin, J.