[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT (#131)
On October 25, 1999 this court denied summary judgment to the plaintiff because it determined that there was a genuine issue of material fact as to the date on which the notice of default and acceleration was mailed to the defendant, Dominic Posta.
In an effort to obviate the need for adjudication of that issue the plaintiff sent fresh written notice to the defendant which purports to contain a notice of default and acceleration. Whether such a notice satisfies the notice requirement of the mortgage documents depends upon the language used and the interpretation given the notice provision.
Paragraph 19 of the mortgage deed provides that "lender shall give notice to borrower prior to acceleration following borrower's breach of CT Page 9238 any covenant or agreement in the Security Instrument . . . The notice shall specify: a) the "default" etc. (Emphasis added).
There is no question that this language mandates that notice of default and acceleration be given prior to acceleration. Thus, proper notice is a condition precedent to an action of foreclosure. Citicorp Mortgage Inc.v. Porto, 41 Conn. App. 598, 602 (1996). Notice given during the pendency of the foreclosure proceeding is clearly not timely or in compliance with the notice provisions of the mortgage documents. The notice of March 15, 2000 was superfluous and without any legal significance. Accordingly, the Motion for Summary Judgment is denied.
BY THE COURT,
Mottolese, Judge