[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#134)
CT Page 7811
Before the court is the motion for summary judgment filed by the plaintiff, National Collectors, L.P., against the defendants, J. Michael Cantore, Jr. (Michael Cantore) and Anne B. Cantore (Ann Cantore) (collectively, defendants). On November 2, 1998, the plaintiff's predecessor in interest, Federal Deposit Insurance Corporation (FDIC), as receiver for Bank of Stamford (bank), filed a two-count "revised amended complaint" against the defendants, Peter King, and the United States, Department of Treasury, Internal Revenue Service (complaint).[1] Count one of the complaint alleges the following facts. On August 2, 1990, the defendants, Delta Leasing Corporation, Miles and Elizabeth Mobius executed a promissory note in the amount of $225,000 in favor of the bank (note). On the same date, Ann Cantore executed a mortgage deed on a piece of real estate, known as 2040 Long Ridge Road in Stamford (Long Ridge property or mortgage), in favor of the bank to secure the note. Ann Cantore is the record owner and in possession of the Long Ridge property. Count two incorporates the allegations made in count one and further alleges that on the same date, Michael Cantore executed a mortgage deed on a piece of real estate property, known as 263 Barncroft Road in Stamford (Barncroft property or mortgage), in favor of the bank to secure the note. Peter King is the record owner of the Barncroft property. The plaintiff now owns the note and both mortgages by assignment. The defendants have defaulted on the note despite demand. The complaint seeks foreclosure of the mortgages.
On February 9, 1999, the defendants each filed an answer and six special defenses. In addition, Ann Cantore filed claims of recoupment and setoff together with her answer and special defenses. On March 10, 1999, FDIC filed a motion to strike the special defenses asserted by Michael Cantore. On January 10, 2000, the court, Rodriguez, J., issued a memorandum of decision, granting the motion to strike as to the second special defense (of res judicata) and fifth special defense (of laches), but denied the motion to strike as to the first special defense (of usury) and the third special defense (of statute of limitations).[2]
On July 27, 2000, the plaintiff filed the present motion for summary judgment, supported by a memorandum of law and an affidavit of James Hrebenar, the authorized signatory of the plaintiff and executive vice president of National Collectors, Inc., the general partner of the plaintiff. On August 21, 2000, the defendants each filed a memorandum of law in opposition to the motion, supported by an affidavit each of their own. On October 30, 2000. the plaintiff filed a reply memorandum of law in support of its motion and in reply to the memoranda of law in Opposition filed by the defendants, supported by a supplemental affidavit CT Page 7812 of James Hrebenar. On January 3, 2001, the defendants each filed a supplemental memorandum of law in opposition to the motion, supported by a joint supplemental affidavit of their own.
Summary judgment is appropriate only if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miller v. United TechnologiesCorp., 233 Conn. 732, 744-45, 660 A.2d 810 (1995). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., supra, 751. The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v.United Technologies Corp., supra, 751-52. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., supra. 381.
To make out a prima facie case in this foreclosure action, the plaintiff must show that there is no genuine issue of material fact as to its ownership of the note and mortgages and the defendants' default on the note. Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999) (plaintiff must prove ownership and default to make out a prima facie case). In addition, the plaintiff must show that there is no genuine issue of material fact that it has satisfied any condition precedent to foreclosure mandated by the terms of the mortgage deeds. SeeCiticorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 602, 677 A.2d 10
(1996) (any condition precedent created by mortgage deed "must be satisfied prior to foreclosure"); New England Savings Bank v. BedfordRealty Corp., 246 Conn. 594, 611, 717 A.2d 713 (1998) ("[t]he terms of the mortgage determine the necessary elements of the plaintiff's prima facie case").
The court need not address the defendants' numerous attacks on the other aspects of the plaintiff's cause of action, or the defendants' special defenses, because the court finds merit in their argument that the plaintiff has not satisfied a condition precedent to its right to accelerate and foreclose, that is, its contractual obligation of providing them with a notice of default. If there exists a genuine issue CT Page 7813 of material fact as to whether the condition precedent has been satisfied, the motion for summary judgment must be denied.
The defendants argue that the plaintiff has not satisfied a condition precedent to acceleration and foreclosure, as required under both mortgage deeds.[3] Specifically, they argue that paragraph 18 of the mortgage deeds creates a condition precedent to acceleration and foreclosure by requiring the plaintiff to mail a written notice of default to the defendants prior to acceleration and foreclosure. They allege in their affidavits that they have not received any notice of default, and argue that the plaintiff has not submitted any evidence to show its satisfaction of the condition precedent. The plaintiff does not dispute the defendants' characterization of the contractual requirement as a condition precedent to acceleration and foreclosure. Nor does the plaintiff allege that it or its predecessor, FDIC, has sent any notice of default to the defendants. Instead, the plaintiff submits a copy of a demand letter sent by the bank to the defendants, dated February 13, 1991 (demand letter), as evidence of notice of default. In addition, the plaintiff argues that the defendants have conceded that they had actual notice of their default prior to the commencement of this action because of their admission in their affidavits that their default on the note and mortgages had been the subject of prior lawsuits brought by the bank and FDIC.[4]
Paragraph 18 of the mortgage deeds provides in relevant part: "upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay any sums secured by this Mortgage, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 14 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 30 days from thedate the notice is mailed to Borrower, by which such breach must be cured; and (4) the failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and foreclosure or sale of the Property. The notice shall
further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale."[5] The bank's demand letter informed the defendants that their loan payment was past due for the November 2, 1990 interest payment and all subsequent interest payments, totaling $9,477.74. The demand letter continues: "Accordingly Bank of Stamford hereby makes demand on you for the entire amount now outstanding of $235,303.77, as of February 13, 1991. For each day after today add $73.97 to calculate the payoff balance required to retire this loan in full. Bank of Stamford anticipates delivery of the above payoff balance plus all applicable interest to its office located at 45 Prospect St., Stamford, CT 06901 by February 20, 1991. If by this CT Page 7814 date you have failed to deliver the complete payoff amount as indicated you will have left the Bank with no alternative but to refer this matter to Bank's counsel for resolution."
"`Where the question whether proper notice was given depends upon the construction of a written instrument . . . it will be one of law. . . .'Trustlow Fuller, Inc. v. Diamond Bottling Corp., 112 Conn. 181, 188,151 A. 492 (1930)." Citicorp Mortgage, Inc. v. Porto, supra,41 Conn. App. 602. "Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly." Id. Paragraph 18 of the mortgage deeds plainly mandates, as evidenced by the use of "shall" therein, that the lender mail a notice of default to the defendants upon their default to inform them that (1) they are in default, (2) they must take specific action to cure the default to avoid acceleration, (3) they have at least a full month to cure the default, (4) failure to cure the default may result in acceleration and foreclosure, and (5) they have a right to reinstate their mortgages after acceleration and to contest acceleration and foreclosure in court by denying default and asserting any other defenses. The use of "shall" in the [mortgage deed] creates a mandatory "condition precedent that must be satisfied prior to foreclosure." Citicorp Mortgage, Inc. v. Porto, supra, 602-603.
The only evidence of notice of default, the demand letter submitted by the plaintiff, shows that it has satisfied only the first of the five requirements, informing the defendants of their default, but not the remaining four requirements. Specifically, the bank's demand letter did not provide the defendants with an opportunity to cure the default, that is, bring the payment current by paying the arrearages plus interest and cost, prior to acceleration; the bank had accelerated and demanded payment of the entire debt. In addition, the demand letter allowed the defendants only one week to pay the whole debt. It is clear that the demand letter is insufficient as a matter of law in satisfying the notice requirements as provided in the mortgage deeds. See Wilshire CreditCorp. v. Sound Beach Associates, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144159 (December 23, 1996,Kavanewsky, J.) (finding lender's notice of default legally insufficient because "it did not state what action was required to cure the default, but instead demanded payment in full of the note," in violation of the mortgage notice provisions identical to those in this case). The plaintiff has failed to show that there is no genuine issue of material fact as to whether it has satisfied a condition precedent to its acceleration and foreclosure or that its right to foreclose has ripened. See id. CT Page 7815
The plaintiff's motion for summary judgment is hereby denied.
HICKEY, J.