[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, HSBC Mortgage Corporation (HSBC), filed a complaint on July 30, 2001, seeking foreclosure of a mortgage on a property owned by the defendants, Bheemeswararao Budhi and Suda Budhi. The complaint also names Century Business Credit Corporation, (Century Business), RAO Imports, Inc., (RAO), and Upendranath Nimmagadda as defendants, and alleges that these defendants have liens or encumbrances on the property that are subsequent to HSBC's interest. CT Page 10352
HSBC alleges the following facts in its complaint: The Budhis own and are in possession of real property in Stamford, Connecticut (the property). On October 9, 1997, the Budhis executed and delivered to Marine Midland Mortgage Corporation (Marine Midland) a note for a loan in the amount of $212,000, and a mortgage on the property to secure the note. On June 30, 1999, Marine Midland changed its name to HSBC by certificate of name change.[1] HSBC is the current holder and owner of the mortgage deed.[2]
HSBC alleges that the note is in default, and as the owner and holder of the note and mortgage, it has elected to accelerate the balance due on the note, declaring it to be due in full, and to foreclose the mortgage securing the note. HSBC further alleges the following entities claim to have an interest in the property pursuant to liens or encumbrances which are subsequent in right to its mortgage: Century Business claims an interest by virtue of a mortgage in the amount of $300,000, dated January 7, 2000; RAO claims an interest by virtue of an assignment from Century Business to RAO dated January 7, 2000; and Nimmagadda claims an interest also by virtue of a mortgage dated May 31, 2001, and in the amount of $150,000.
On August 20, 2001, HSBC filed a motion for default for failure to appear against the Budhis, RAO and Nimmagadda, which was granted by the court clerk on August 20, 2001.[3] The Budhis then filed an appearance on September 10, 2001. On September 14, 2001, the court clerk granted HSBC's motion for default for failure to plead against the Budhis. Century Business is the only defendant who has filed a responsive pleading.
On February 15, 2002, HSBC filed a motion for summary judgment against the Budhis and Century Business as to liability only. Century Business filed a memorandum of law in opposition to the motion; the Budhis have not responded to the motion.
"A summary judgment . . . may be rendered on the issue of liability alone, although there is genuine issue as to damages." Practice Book § 17-50.[4] "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . Further, the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Brackets in original; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington, 258 Conn. 553,559, 783 A.2d 993 (2001). CT Page 10353
"To make out a prima facie case in this foreclosure action, the plaintiff must show that there is no genuine issue of material fact as to its ownership of the note and mortgage and the defendant's default on the note. Webster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). . . . In addition, the plaintiff must show that there is no genuine issue of material fact that it has satisfied any condition precedent to foreclosure mandated by the terms of the mortgage deed. SeeCiticorp Mortgage, Inc. v. Porto, 41 Conn. App. 598, 602, 677 A.2d 10
(1996). . . ." (Citations omitted.) Nusbaum Parrino v. Harrick, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 179122 (January 17, 2002, Hickey, J.). "Where the terms of the note and mortgage require notice of default, proper notice is a condition precedent to an action for foreclosure." New Haven Savings Bank v.LaPlace, 66 Conn. App. 1, 12, 783 A.2d 1174, cert. denied, 258 Conn. 942,786 A.2d 426 (2001). "Notices of default and acceleration are controlled by the mortgage documents." Id.
HSBC submits several documents in support of its motion that show it is the owner of the note and mortgage, that the Budhis are in default, and that it satisfied the conditions precedent to foreclosure. Specifically, HSBC submits a copy of the note dated October 9, 1997, signed by the Budhis, indicating that the Budhis received a loan from Marine Midland[5]
in the amount of $212,000, and that the Budhis, as the borrowers, promised to pay pursuant to monthly payments beginning in December, 1997. (Plaintiff's Memorandum, Exhibit A.) HSBC also submitted a copy of the mortgage document dated October, 9, 1997, that the Budhis signed and gave to Marine Midland securing the repayment of the $212,000 note. (Plaintiff's Memorandum, Exhibit B.) The note and mortgage both provide for acceleration of the debt following a notice of default to the borrowers. The note provides that HSBC may send a written notice indicating that if the overdue payment is not made by a certain date, HSBC may require the Budhis to pay immediately the full amount, but not sooner than thirty days following the notice. (Plaintiff's Memorandum, Exhibit A, ¶ 6(c).) The mortgage document provides that: notice shall be given prior to acceleration; such notice shall specify the default; the action required to cure the default; the Budhis must be given at least 30 days to cure the default; and only then shall their failure to do so result in acceleration of the sums secured by the mortgage and foreclosure or sale of the property. (Plaintiff's Memorandum, Exhibit B, ¶¶ 1, 21.) HSBC has submitted a copy of the letter that they sent to the Budhis and it complies with the notice provisions of the note and mortgage. (Plaintiff's Memorandum, Exhibit D.)
In addition, HSBC also submits an affidavit by Renee Crane, foreclosure officer with HSBC in which Crane avers that the copies of the note and CT Page 10354 mortgage are true and accurate. (Crane affidavit, ¶¶ 3, 4.) Crane affirms that, pursuant to the terms of the note and mortgage, the Budhis were to make principal and interest payments on the first day of each month beginning on December 1, 1997, and that they have failed to do so since March 1, 2001. (Crane Affidavit, ¶¶ 6, 7.) Crane also states that the Budhis were notified of the default and HSBC's election to accelerate the debt in writing, in accordance with the terms of the note and mortgage, but failed to cure their default. Crane also attests that Exhibit D of HSBC's evidence is a true and accurate copy of the default and acceleration letter. (Crane Affidavit, ¶ 9.)
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . ." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578, 573 A.2d 699 (1999). "To oppose the motion for summary judgment successfully, the nonmovant must recite specific facts which contradict those stated in movant's affidavits and documents." (Internal quotation marks omitted.) Id., 579. The Budhis have not submitted any opposition to HSBC's motion for summary judgment. When "there [are] no contradictory affidavits, the court properly [decides] the motion [for summary judgment] by looking only to the sufficiency of the plaintiffs affidavits and other proof." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 795, 653 A.2d 122 (1995). The court finds that HSBC has presented uncontested evidence that is sufficient to demonstrate its ownership of the note and mortgage and the Budhis default thereon. See Webster Bank Flanagan, 51 Conn. App. 733,750, 725 A.2d 975 (1999) (Ownership of the note and mortgage, and default must be shown by a preponderance of the evidence.) Moreover, the court finds that the evidence shows that HSBC provided the Budhis with written notice of default and acceleration, and an opportunity to cure the default. This notice satisfies the condition precedent to foreclosure as mandated by terms of the note and mortgage. "Proper notice of acceleration is a necessary condition precedent to an action for foreclosure. . . ." Citicorp Mortgage, Inc. v. Porto, 41 Conn. App. 598,602, 677 A.2d 10 (1996). Thus, the court finds that HSBC has made out a prima facie case for foreclosure.
"Where the plaintiff has made out a prima facie case [for foreclosure], the court must only determine whether [any] special defenses asserted by the defendant are legally sufficient before granting summary judgment." Id. In the present case, the Budhis have not asserted any defenses. Indeed, the court's clerk has granted motions for default for failure to plead and failure to disclose a defense against them. "Where there is no special defense to the plaintiff's prima facie case, there is no genuine issue of material fact as to the defendant's CT Page 10355 liability and the plaintiff is therefore, entitled to judgment as a matter of law." Beal Bank F.S.B. v. Brown, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 180773 (May 22, 2001, Hickey, J.). Accordingly, HSBC's motion for summary judgment against the Budhis as to liability is hereby granted.
HSBC also moves for summary judgment as to liability against Century Business. In its complaint, HSBC alleges that Century Business claims an interest in the property by virtue of its own mortgage for $300,000 dated January 7, 2000. HSBC also alleges that RAO has an interest in the property by virtue of an assignment from Century Business to RAG. Century Business filed answers on November 7, 2001, and November 13, 2001, in which it admits its interest in the mortgage, but denies it assigned such interest.
Century Business filed an objection to HSBC's motion for summary judgment. While Century Business takes no position as to whether HSBC is entitled to summary judgment against the Budhis, it does argue that HSBC falsely alleged that Century Business assigned its interest to RAO, and as such is not entitled to judgment as a matter of law against Century Business. Century Business maintains that nothing in its mortgage deed constitutes an assignment to RAG and that the factoring agreement, which HSBC alleges established the assignment, does not run from Century Business to RAG, but rather from RAG to Century Business. More specifically, according to Century Business, the factoring agreement is an assignment of receivables from RAG to Century Business.
In support of its position, Century Business submits a copy of the mortgage deed, dated January 7, 2000, between itself and the Budhis. (Defendant's Memorandum, Exhibit Q.) That document does not contain an assignment of Century Business' interest in the mortgage to RAG. Century Business explains that RAG is a defunct corporation and that the Budhis used to be affiliated with it. Century Business also submitted a copy of the factoring agreement indicating that on February 26, 1999, RAO assigned an interest in its receivables to Century Business.[6]
(Defendant's Memorandum, Exhibit I.) Thus, Century Business provides evidence refuting HSBC's allegation that Century Business assigned its mortgage interest to RAG, though, how this is relevant to HSBC's motion for summary judgment is unclear.
The complaint does not allege facts as to how Century Business is liable to HSBC, nor does HSBC argue this issue in its motion for summary judgment. All of the evidence HSBC submits in support of its motion for summary judgment relates to the Budhis' liability to HSBC. This evidence does not establish, however, how Century Business is liable to HSBC.[7]
CT Page 10356
Because the court cannot determine from the record what liability, if any, Century Business has to HSBC, HSBC's motion for summary judgment against Century Business is denied.
BURKE, J.