# NEW HAVEN SAVINGS BANK, SUCCESSOR TRUSTEE
## *v.* SIMON R. LAPLACE ET AL.
### (AC 21388)

Landau, Mihalakos and Dranginis, Js.

Argued June 11—officially released October 2, 2001

*William H. Clendenen, Jr.*, with whom, on the brief, was *Nancy L. Walker*, for the appellants (defendants).

*John J. Resnik*, with whom, on the brief, was *Emily Resnik Conn*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. In this foreclosure action, the defendant Simon R. LaPlace appeals[1] from the judgment rendered by the trial court in favor of the plaintiff, New Haven Savings Bank, successor trustee, following the granting of the plaintiff's motion for summary judgment. On appeal, the defendant claims, in essence,[2] that the trial

---

[1] Simon R. LaPlace Company, the tenant in the foreclosed premises, was also named as a defendant at trial and has joined the appeal. We refer in this opinion to the individual defendant, Simon R. LaPlace, as the defendant.

[2] The defendant identified the issues presented as follows:

"1. In this foreclosure action, where the plaintiff trustee advanced no funds and acquired the note and mortgage solely as trustee of a trust for the benefit of the defendant, did the trial court err in granting summary judgment on the defendant beneficiary's claims of breach of fiduciary duty on the ground that they were irrelevant?

"2. Where the plaintiff trustee alleged that it had accelerated the note and that the entire principal balance with interest was due, did the trial court

court improperly granted the plaintiff's motion for summary judgment by concluding that (1) the defendant's fiduciary duty defenses and counterclaims were irrelevant, (2) the plaintiff gave proper notice of default and (3) the defendant was required to plead a lack of proper acceleration as a special defense to the foreclosure. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. In January, 1989, the defendant became indebted to his father, William B. LaPlace, in the amount of $185,000 by executing a promissory note (note) that was secured by a mortgage in that amount on a piece of real property located in Deep River. The defendant's father died, and the note and mortgage were assigned to the William B. LaPlace revocable trust (trust). The life beneficiary of the trust is the defendant's stepmother; the residual beneficiaries of the trust are the defendant and his brother, if the life beneficiary fails to exercise certain rights under the trust. The plaintiff became the successor trustee to the trust. In February, 1998, the plaintiff commenced an action against the defendant, alleging that the defendant had failed to pay the note according to its terms and that the principal balance of the note, plus interest, costs and fees were due.

In response to the complaint, the defendant denied that he failed to pay the note and that the balance, interest, costs and fees were owing. He also alleged

err in holding that the defendant beneficiary was required to plead the lack of proper acceleration as a special defense to foreclosure?

"3. Where the plaintiff trustee failed to inform the defendant beneficiary of the amount he needed to pay to cure the default, did the trial court err in finding as a factual matter that the trustee gave proper notice of default and was entitled to summary judgment?

"4. Where the defendant beneficiary raised several equitable circumstances—including the trustee's fiduciary status, its inaccurate accounting, its invalid acceleration of the note, and its refusal of the beneficiary's tenders—did the trial court err in granting summary judgment of foreclosure?"

eight special defenses and six counterclaims. As a basis for the special defenses and counterclaims, the defendant alleged that the plaintiff owed him a fiduciary duty, among other things, to preserve the assets of the trust, to deal with the beneficiaries in a fair and equitable manner, to manage the trust in a manner that is in the best interests of the designated beneficiaries and to effect the intent of the settlor of the trust. The defendant also alleged that the plaintiff and the predecessor trustee improperly failed and refused to credit payments made by the defendant, refused to calculate the interest due under the note and mortgage, and rejected funds presented by the defendant to bring the note and mortgage current. The defendant also claimed that the plaintiff reneged on an agreement to bring the note current.

The defendant claims that the various alleged acts of wrongdoing by the plaintiff constituted a breach of a fiduciary duty owed to him, violated the Connecticut Uniform Prudent Investor Act,[3] breached the covenant of good faith and fair dealing, violated the common law and various sections of the Connecticut Uniform Commercial Code,[4] and violated the Connecticut Unfair Trade Practices Act.[5] On the basis of the plaintiff's alleged wrongdoing, the defendant claimed by way of special defenses that the court should deny the plaintiff the equitable remedy of foreclosure. Also, on the basis of the plaintiff's wrongdoing, the defendant asserted counterclaims that he has incurred certain damages and losses. He also sought the equitable remedy of an accounting.

The plaintiff filed a motion to strike the defendant's special defenses and counterclaims as a whole, arguing

---

[3] See General Statutes § 45a-541 et seq.

[4] See General Statutes §§ 42a-1-201 (19), 42a-1-103, 42a-1-203, 42a-2-302.

[5] See General Statutes § 42-110a et seq.

that they were legally insufficient because they did not raise issues that are proper in a foreclosure action. The court reasoned that if one of the counterclaims or special defenses was legally sufficient, the motion must fail. Taking the allegations of the special defenses and counterclaims as true; see *Bell* v. *Board of Education*, 55 Conn. App. 400, 402, 739 A.2d 321 (1999); the court denied the motion to strike because the defendant alleged payment, which is a traditional defense to a foreclosure action.

After it replied to the defendant's special defenses and counterclaims, the plaintiff filed a motion for summary judgment on the ground that there was no genuine issue of material fact that the defendant was liable under the note and that his special defenses and counterclaims were legally insufficient to bar summary judgment. The court granted the motion for summary judgment in the plaintiff's favor, concluding that there is no genuine issue of material fact that the trust is the holder of the note, that the defendant failed to make payments and that the defendant had notice of the acceleration and default on the note. Thereafter, the court ordered foreclosure by sale and set the sale date. The defendant appealed to this court.

"The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford*, 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the

party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford*, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). . . . *Cortes* v. *Cotton*, 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993).

"Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist. . . . *Fleet Bank, N.A.* v. *Galluzzo,* 33 Conn. App. 662, 666, 637 A.2d 803, cert. denied, 229 Conn. 910, 642 A.2d 1206 (1994). . . . *Field* v. *Kearns*, 43 Conn. App. 265, 270, 682 A.2d 148, cert. denied, 239 Conn. 942, 684 A.2d 711 (1996)." (Internal quotation marks omitted.) *Rosario* v. *Hasak*, 50 Conn. App. 632, 636–37, 718 A.2d 505 (1998).

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. Practice Book § 4061 [now § 60-5]; *United Illuminating Co.* v. *Groppo*, 220 Conn. 749, 752, 601 A.2d 1005 (1992); *Zachs* v. *Groppo*, 207 Conn. 683, 689, 542 A.2d 1145 (1988); *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn.

217, 221–22, 435 A.2d 24 (1980)." (Internal quotation marks omitted.) *SLI International Corp.* v. *Crystal*, 236 Conn. 156, 163, 671 A.2d 813 (1996). "On appeal, the scope of our review of the granting of a motion for summary judgment is plenary." *Richter* v. *Danbury Hospital*, 60 Conn. App. 280, 286, 759 A.2d 106 (2000).[6] First, we must determine whether there is an absence of genuine issues of material fact and, then, whether the movant is entitled to judgment as a matter of law.

## I

The defendant's first claim is that the court improperly granted the motion for summary judgment in favor of the plaintiff by concluding that the defendant's fiduciary duty special defenses and counterclaims were irrelevant. We are not persuaded.

## A

The defendant admits that he executed the note and mortgage and that the documents were assigned to the trust. He denies knowledge or information sufficient to form a belief that the plaintiff is the successor trustee. In support of its motion for summary judgment, the plaintiff produced the document appointing the plaintiff successor trustee. The defendant presented no evidence to contradict the appointment. The defendant also admits that he made payments due on the note through July, 1996. In his brief to this court, the defendant acknowledges that the plaintiff, as administrator of the trust, has authority to enforce the note and mortgage. He argues, however, that because he is a remainderman[7] under the trust, the plaintiff owes him a

---

[6] At oral argument before this court, the parties disputed the standard of review applicable to a motion for summary judgment.

[7] The defendant refers to his interest in the trust as a remainder interest. The trust is a revocable trust that gives the life beneficiary the right to invade the principal and to divest the corpus by will. The defendant's interest in the trust is actually that of a contingent remainderman.

fiduciary duty that affects the manner in which it can enforce the mortgage and the note.

More specifically, in his brief, the defendant argues that he should have been permitted to prove the fiduciary duty that the plaintiff owes to him and that if he had prevailed, the plaintiff would have had to prove, by clear and convincing evidence, that it dealt fairly with him and the trust. The defendant further argues, by some unknown leap of logic, that his allegations of the plaintiff's failure to provide proper notice of default,[8] miscalculating the amount due,[9] reneging on its agreement to reinstate the note, refusing tenders and insisting on foreclosure demonstrate genuine issues of material fact as to the plaintiff's unfair dealing as to him. In a footnote, the defendant also suggests that the plaintiff was motivated by a conflict of interest in commencing the foreclosure action. He suggests that the trustee consistently has favored the life beneficiary of the trust, who made the successor trustee appointment, rather than the contingent remaindermen. Regrettably, this footnote suggests to us only that the issue underlying the entire matter is one of animosity between the defendant and his stepmother concerning money, the seemingly eternal divider of families.[10]

Despite his claims, the defendant has not cited any law holding that a trustee must forbear foreclosing a mortgage on a note held by the trust if a contingent remainderman is the maker of the note, which is the

[8] See part III of this opinion where we conclude that the plaintiff was not required to provide notice of default.

[9] The plaintiff's motion for summary judgment concerned only the defendant's liability for the money due. A hearing was held on the disputed issue of the amount of money owed.

[10] The defendant conspicuously fails to address the fact that his brother is also a contingent remainderman of the trust and how forbearance of the mortgage might affect his brother's interests. We note that where there are two or more beneficiaries, a trustee has a duty to deal impartially with all beneficiaries. *Connor* v. *Hart*, 157 Conn. 265, 276, 253 A.2d 9 (1968).

substance of the defendant's argument. A trustee's duty is to protect the interests of the beneficiaries of the trust by guarding the trust res. See *O'Leary* v. *McGuinness*, 140 Conn. 80, 88, 98 A.2d 660 (1953).

The defendant would have us believe that because he has a contingent interest in the trust, he does not have to repay the note or that he can repay the note on his own terms. Not only is there no law to support the defendant's position, the facts themselves do not support it. The defendant borrowed money from his father and signed a promissory note to repay the money at 10 percent interest per annum by 2004. The note required the defendant to make monthly payments of $1988.04. Upon his death, the defendant's father bequeathed the note and the mortgage to a revocable trust to provide for his second wife during her lifetime. The trust thus became the holder of the note. The trustee is bound to protect the assets of the trust.

### B

The court granted the plaintiff's motion for summary judgment, concluding that the defendant's special defenses and counterclaims were not related to the making, validity or enforcement of the note. We agree. See *Southbridge Associates, LLC* v. *Garofalo*, 53 Conn. App. 11, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).

"Because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . .

"At common law, the only defenses to an action of this character would have been payment,[11] discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Citations omitted; internal quotation marks omitted.) Id., 15–16.

In *Southbridge Associates, LLC*, this court agreed with the trial court that special defenses and counterclaims alleging a breach of an implied covenant of good faith and fair dealing[12] and a breach of fiduciary duty are not equitable defenses to a mortgage foreclosure. Id., 16–19. As in *Southbridge Associates, LLC*, the note and mortgage at issue here do not require the trustee to negotiate with the defaulting defendant prior to bringing a foreclosure action. As to his allegations concerning the various uniform acts, the defendant has not cited case law from any jurisdiction that would raise genuine issues of material fact as to how the enforcement of a standard form note and mortgage violates the various acts. Absent law and analysis, we will not review the claim. See *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 100, 709 A.2d 14 (1998). Additionally, because the special defenses

---

[11] Although the defendant alleged payment, the defendant admitted that he made all payments due on the note only until June, 1996, and that he made no further attempt at payment until over one year later, after the plaintiff had sent the defendant the letter indicating that the note was in default.

[12] The defendant's good faith claim appears to be directed at the appointment of the successor trustee. The appointment of a successor trustee has nothing to do with the making of the note or mortgage, but flows from the powers vested in the life beneficiary pursuant to the trust.

alleging that the plaintiff improperly rejected payment, credited payments and computed interest do not attack the making, validity or enforcement of the note or mortgage, such defenses are also not relevant to a foreclosure action.

The trial court therefore properly concluded that the defendant's fiduciary duty defenses and counterclaims are irrelevant to the foreclosure issue because they do not attack the making, validity or enforcement of the note or mortgage, nor do they raise other matters that have been held to be proper defenses to a foreclosure action.[13]

## II

The defendant's next claim is that the court improperly concluded that the plaintiff gave proper notice of the default. The defendant also claims, pursuant to *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 602–603, 677 A.2d 10 (1996), that proper notice of default is a condition precedent to acceleration. We disagree.

In support of its motion for summary judgment, the plaintiff submitted, among other things, a letter dated November 17, 1997. Neither party disputes the authenticity of the letter, but they disagree as to the letter's purpose.[14] The plaintiff claims that the letter was notice

---

[13] The defendant did not brief any issues concerning his counterclaim seeking the equitable remedy of an accounting. Although we consider the claim abandoned, we note that the only issue before the court was the defendant's liability pursuant to the note and mortgage, not the amount owed.

[14] The text of the letter stated: "This is to advise you that this office represents New Haven Savings Bank, which is the successor trustee of the trust created by William B. LaPlace by agreement with Fleet Bank of Connecticut under date of September 11, 1990. We have been consulted by New Haven Savings Bank with reference to the promissory note from you to William B. LaPlace in the amount of $185,000 dated January 4, 1989, secured by mortgage and also the promissory note from you to William B. LaPlace in the amount of $7500 dated July 6, 1984.

"Both of these notes are in default. Pursuant to the terms of the notes, notice is hereby given to you of the default and of the fact that the trustee has exercised its option to declare all sums immediately due and payable

of acceleration, and the defendant claims that it was notice of default. The defendant also claims that the letter cannot constitute proper notice of default because it failed to include the amount due the trust, i.e., how much the defendant had to tender to the plaintiff to cure the default.[15] Furthermore, the defendant notes that the letter concerns two promissory notes that the plaintiff claims are in default. Although we agree with the defendant that the purpose of the letter is unclear, that it refers to two different promissory notes and that the references it contains are ambiguous, we conclude that notice of default was not a condition precedent to foreclosure and that the irregularities in the letter create no genuine issues of material fact.

"Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed 'is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions.' 55 Am. Jur. 2d, Mortgages § 175 (1971). A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such. Id., § 176." *Citicorp Mortgage, Inc.* v. *Porto,* supra, 41 Conn. App. 602. Where the terms of the note and mortgage require notice of default, proper notice is a condition precedent to an action for foreclosure. See id., 602–603.

Here, the mortgage deed provides that the defendant is indebted to his father in the amount of $185,000 as

in the event of your failure to bring all payments current within the time period allowed by the note. Please note that any payment should be made in care of the trust department of New Haven Savings Bank."

[15] The parties dispute the amount of the defendant's default. The defendant tendered certain funds to the plaintiff to cure the default, but the plaintiff refused to accept them, claiming that the funds were insufficient.

evidenced by a promissory note attached to the deed. The relevant portion of the note provides: "If any payment due hereunder shall not have been paid within fifteen days after the same is due, or if any other agreement of the maker herein contained shall be in default and shall not have been fully performed within fifteen days after the written notice of default has been mailed to any maker hereof . . . then the entire unpaid principal, with accrued interest, shall, at the option of the holder hereof, become due and payable forthwith."

"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies. . . . In construing a contract, the controlling factor is normally the intent expressed in the contract, not the intent which the parties may have had or which the court believes they ought to have had. . . . Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Citations omitted; internal quotation marks omitted.) *Alco Standard Corp.* v. *Charnas*, 56 Conn. App. 568, 571, 744 A.2d 924 (2000).

In *Alco Standard Corp.*, the court construed language nearly identical to the language in the note signed by the defendant in the present case and applied it in a foreclosure action. "The language of the note is clear and unambiguous; it differentiates between monetary and nonmonetary defaults, and provides for notice of default and an opportunity to cure only with reference to the latter. The default in this case was for failure to make payments as promised. Therefore, there was no obligation to provide notice of default. We do not agree with the defendants' argument that any default, includ-

ing nonpayment, requires a notice of default and an opportunity to cure. That interpretation flies in the face of the note's clear language and would cause the entire first phrase of the default paragraph to be without a specific legal meaning. Clearly, the language addresses two separate and distinct alternatives that would cause the unpaid principal to become immediately due. Those are (1) payment not being made as promised or (2) the occurrence of some other violation of the agreement that is not cured within thirty days of written notice.

"Because the note did not require notice of default for failure to make payment, there was no genuine issue of material fact, and summary judgment as to liability was properly rendered." Id., 572.

In his reply brief, the defendant attempts to distinguish *Alco Standard Corp.*, by arguing that the plaintiff and the defendant agreed that the plaintiff was required to give notice of default. Parties, however, may not agree to an issue that is a matter of law, as opposed to a stipulation of facts. Whether a creditor is required to give notice of default as a condition precedent to foreclosure is controlled by the language of the note and mortgage. *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 602. A trustee is bound by the terms of the trust. See *State* v. *Thresher*, 77 Conn. 70, 83, 58 A. 460 (1904). The court, therefore, properly concluded that there was no genuine issue of material fact with respect to the propriety of the trustee's notice.

### III

The defendant's final claim is that the court improperly concluded that he was required to plead lack of proper acceleration as a special defense to foreclosure. We disagree.

The defendant's claim is based on the following portion of a footnote in the court's memorandum of deci-

sion: "The defendant further argues that summary judgment should be denied because the plaintiff's demand letter failed to specify the amount due. Nonetheless, this allegation is not contained within any special defense or any count of the counterclaim. A genuine issue of material fact must be one which the party opposing the motion is entitled to litigate under his pleadings and the mere existence of a factual dispute apart from the pleadings is not enough to preclude summary judgment. . . . *Collum* v. *Chapin*, 40 Conn. App. 449, 453, 671 A.2d 1329 (1996)." (Internal quotation marks omitted.)

The applicable rule regarding the material facts to be considered on a motion for summary judgment is that the facts at issue are those alleged in the pleadings. See *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488–89, 280 A.2d 359 (1971). The defendant argues that the court improperly concluded that he had waived the right to contest the sufficiency of the notice by failing to plead the claim as a special defense because the plaintiff alleged proper notice and the burden was on the plaintiff to prove that the acceleration was valid. The defendant cites Practice Book § 10-50 in support of this position.

On the basis of our conclusion in part II of this opinion, we need not reach this claim. Under the terms of the note and mortgage, the plaintiff was under no obligation to provide notice to the defendant. Whether the notice that the plaintiff sent the defendant was proper is not a genuine issue of material fact in this case, as no notice was required.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.