[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, First Union National Bank, filed a complaint on August 7, 2000, alleging that the defendant, Paul Bogardus, Jr., defaulted on a promissory note that was executed on October 9, 1998, with the original principal amount of $159,500. The complaint further alleges that the defendant secured the promissory note by executing and delivering to Fairbank Mortgage Corporation (Fairbank) a mortgage on the property, which was assigned by Fairbank to the plaintiff.
On May 14, 2001, the defendant filed an amended answer, amended special defense and amended counterclaim. Although it is not clear, the defendant's special defense purports to assert equitable estoppel and forbearance as defenses to the plaintiff's foreclosure action. The defendant's counterclaim is formed in a single count, with twenty-two paragraphs, which attempts to sound in five different causes of action including: 1) breach of the covenant of good faith and fair dealing; 2) breach of the statute of frauds; 3) unjust enrichment; 4) negligence; and 5) violation of the Connecticut Unfair Trade Practices Act (CUTPA)
On August 1, 2001, the plaintiff filed a motion to strike the defendant's amended special defense and amended counterclaim. Although the amended counterclaim is presented as one count, the plaintiff labels paragraphs eighteen through twenty-two described above as counts one through five, respectively. Essentially, the plaintiff is moving to strike five individual paragraphs of the defendant's single-count amended counterclaim. "[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Internal quotation marks omitted.) Moss Ledge Associates, LLC v. Firestone Building ProductsCo., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170167 (October 27, 1999, Karazin, J.); accord Chaffin v.Health Works, Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 413790 (September 17, 1999, Moran, J.); Zimmermann v.Connecticut College, Superior Court, judicial district of New London, Docket No. 544623 (July 2, 1998, Handy, J.); see also Zamstein v.Marvasti, 240 Conn. 549, 553, 692 A.2d 781 (1997) (trial "court struck paragraph twenty-eight of the plaintiff's complaint because the court CT Page 16766 construed it as a claim for loss of filial consortium"). In the present case, paragraphs eighteen through twenty-two of the defendant's counterclaim each purport to state a separate cause of action and may be attacked by a motion to strike. Moss Ledge Associates, LLC v. FirestoneBuilding Products Co., supra, Superior Court, Docket No. 170167.
The plaintiff moves to strike on several different grounds. First, the plaintiff moves to strike the amended special defense and paragraphs eighteen through twenty-two of the amended counterclaim on the ground that they fall within, but do not satisfy, the statute of frauds. The plaintiff also moves to strike the amended special defense and paragraphs eighteen through twenty-two of the amended counterclaim on the ground that they are legally insufficient as they do not challenge the making, validity or enforcement of the mortgage and/or note. Further, the plaintiff moves to strike paragraphs eighteen through twenty-two on the ground that they do not arise out of the same transaction as the plaintiff's complaint.
In addition, the plaintiff has set forth grounds to strike that are specific to each paragraph, which are: paragraph eighteen should be stricken because it does not allege sufficient facts "to justify its application"; paragraph nineteen is legally insufficient because there is no private right of action under the statute of frauds; paragraph twenty is legally insufficient "because it does not satisfy the elements of unjust enrichment"; paragraph twenty-one is legally insufficient because it does not "satisfy the elements of negligence"; and paragraph twenty-two is legally insufficient because it does not "satisfy the criteria for a CUTPA violation." The plaintiff filed a memorandum in support of its motion to strike. The defendant did not file a memorandum in opposition to the plaintiff's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court . . . [must] take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992). "[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action. . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge CT Page 16767 the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield Lease Corp. v. Romano's AutoService, 4 Conn. App. 495, 496, 495 A.2d 286 (1985)
Although not clear, the defendant's amended special defense purports to claim that the plaintiff is estopped from instituting a foreclosure action because the plaintiff orally agreed to allow the defendant to "bring the subject mortgage current and cure the default." The defendant alleges that on or about August 3, 2000, the defendant entered into an agreement with a representative of the plaintiff, via telephone, to bring the subject mortgage current and cure the default. The defendant also purports to allege that the plaintiff agreed to a forbearance by orally agreeing not to foreclose if the defendant made timely payments under the new agreement. The defendant goes on to allege that payments were made according to the oral agreement but were not credited to the defendant's account.
"At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) New Haven Savings Bank v. LaPlace,66 Conn. App. 1, 10, __ A.2d __ (2001). "[S]pecial defenses and counterclaims alleging a breach of implied covenant of good faith and fair dealing . . . are not equitable defenses to a mortgage foreclosure." Id.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999). "A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, note or both." LaSalle National Bank v. Shook,67 Conn. App. 93, 96-97, __ A.2d __ (2001). Washington Mutual Bank v.Silvestri, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 69615 (September 13, 2000, Curran, J.), dealt with a special defense that is on point to the present case. In Washington MutualBank v. Silvestri, supra, Superior Court, Docket No. 69615, "the defendants [alleged] that they `entered into an agreement with the plaintiff to pay the amounts then due to reinstate the loan . . . in exchange for a waiver of all rights to foreclose, further attorney's CT Page 16768 fees, acceleration of the loan, suit and other rights accrued in favor of the plaintiff. Plaintiff breached this agreement and refused to then accept said payment. [The defendant alleged that] [b]ased upon the Plaintiff's breach of the agreement, Plaintiff should be precluded from any judgment of foreclosure. . . .'" Id. This court held that because there was no allegation that the original loan documents contained a provision for the restructuring agreement, the defendant's special defense was not a proper defense to a foreclosure action as it did not relate to the making, validity or enforcement of the note or mortgage. Id.
In the present case, the defendant's amended special defense alleges the existence of an agreement subsequent to default but does not allege that the restructuring was an option under the original loan documents. "In the absence of a restructure agreement in the loan documents, a failure by the plaintiff to attempt to negotiate or restructure the terms of the loan after default, and then seeking foreclosure, does not implicate the making, validity or enforcement of the note or mortgage."Dime Savings Bank of New York, FSB v. Furey, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 47557 (April 1, 1996,Curran, J.).
Bank United of Texas v. Delvecchio, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 58535 (April 2, 1998, Curran,J.), is also on point to the present case. In Bank United of Texas, the defendant in a foreclosure action alleged in a special defense that a subsequent oral agreement for the plaintiff to accept payments to cure the default existed. Id. This court held that "[t]he factual allegations of the defendant's special defense do not attack the making, validity or enforcement of the note or mortgage. Rather, they relate to an alleged subsequent oral agreement for the plaintiff to accept amounts in arrearage to bring the account current, which does not address the making, validity or enforcement of the note or mortgage, and which does not alter the plaintiff's right to foreclose." Id. "[E]quitable estoppel defenses are limited to those which attack the making, validity or enforcement of the lien." (Internal quotation marks omitted.) Id. Here, the defendant's amended special defense does not relate to the making, validity or enforcement of the note or mortgage. The defendant's amended special defense merely alleges that a subsequent oral agreement exists for the plaintiff to accept payments to bring the account current and cure the default.
The plaintiff also argues that the defendant's amended special defense does not plead necessary allegations to satisfy the statute of frauds. (Plaintiff's Memorandum, p. 3.) In as much as the defendant's amended special defense asserts a forbearance agreement, the defendant must allege that the agreement satisfies the statute of frauds as forbearance falls CT Page 16769 within the purview of the statute. "[A]n agreement to forbear from foreclosing a mortgage involves an interest in real property; therefore, such an agreement is within the purview of the Statute of Frauds and must be in writing." Glastonbury Bank Trust Co. v. Corbett ConstructionCo., Superior Court, judicial district of New London at New London, Docket No. 521355 (October 15, 1992, Walsh, J.) (7 Conn.L.Rptr. 519, 521). "[T]he forbearance agreement that the [defendant] alleges is not reduced to a written instrument and thus is violative of the statute of frauds." GE Capital Mortgage Services v. Rumbin, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64715 (July 6, 1999, Curran, J.). In the present case, the defendant does not allege that the forbearance agreement was written and merely alleges that it was made orally over the telephone.
The plaintiff moves to strike paragraphs eighteen through twenty-two of the defendant's amended counterclaim on the grounds that they do not satisfy the statute of frauds, that they are legally insufficient because they do not address the making, validity or enforcement of the note, and that they are legally insufficient because they do not arise out of the same transaction as the plaintiff's complaint.
"Practice Book § 10-10 provides that `[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out ofthe transaction or one of the transactions which is the subject of the plaintiff's complaint. . . .'" (Emphasis in the original.) SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 21, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "Although some foreclosure proceedings rely on the equitable nature of the proceedings as grounds for allowing counterclaims . . . not recognized at common law . . . this trend must have a boundary. An analysis of those cases recognizing . . . counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor. . . . Courts have not been receptive to foreclosure defendants who have asserted . . . counterclaims based on factors outside of the note or mortgage. . . . The making of the note and the . . . subsequent default is the transaction at issue." (Citations omitted; internal quotation marks omitted.) Bank United of Texas v.Delvecchio, supra, Superior Court, Docket No. 58535.
None of the transactions alleged in paragraphs eighteen through twenty-two relate to the making, validity or enforcement of the note and/or mortgage and thus do not arise out of the transaction at issue in the complaint. In Bank United of Texas v. Delvecchio, supra, Superior Court, Docket No. 58535, this court was faced with a factually similar situation where defendant filed a special defense and counterclaim based CT Page 16770 on an alleged oral agreement that the parties had made to bring the account current after default. In holding that the defendant's counterclaims should be stricken this court stated that "the factual underpinnings for the defendant's . . . counterclaim are the same as the special defense — that is, the claim is based on the alleged oral agreement to bring the account current. The alleged conduct of the plaintiff, which the defendant claims violates CUTPA, in no way relates to the making, validity and enforcement of the note or mortgage." Id. In the present case, the defendant bases his counterclaims on the alleged oral agreement with the plaintiff "to bring the subject mortgage current and cure the default." These allegations based on a subsequent oral agreement that was not contemplated in the original contract do not relate to the making, validity or enforcement of the note or mortgage.
Because the defendant's amended counterclaim does not address the making, validity or enforcement of the note and therefore does not arise out of the same transaction as the plaintiff's complaint, the motion to strike the defendant's amended counterclaim is granted on those grounds. Therefore, it is unnecessary to address the specific grounds to each of the defendant's causes of action, which are set forth in paragraphs two through six of the plaintiff's motion to strike.
Based on the foregoing, the plaintiff's motion to strike the defendant's amended special defense and amended counterclaim is granted.
The Court
By Curran, J.