[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION PLAINTIFF'S MOTION TO STRIKE (#104) I FACTS AND PROCEDURAL HISTORY
On January 29, 2002, the plaintiff, Homestead Funding Corporation, commenced this action by filing a one count complaint against the defendants, Peter Welch and Welch Family Enterprises, LLC, seeking foreclosure of a mortgage. The plaintiff alleges the following facts in its complaint. On August 7, 2000, the defendants, executed a promissory note for $145,000 plus interest payable in equal monthly installments. The defendants mortgaged property located at 256 Providence Street in Putnam to the plaintiff as security for the note. On August 16, 2001, the note and mortgage were recorded in the Putnam land records. The defendants defaulted on the note by virtue of nonpayment of the installment due on August 1, 2001 and each month thereafter. As a result, the plaintiff declared the entire balance of the note due and payable. To date, there remains an unpaid debt of $56,106.92[1] plus interest, late charges, costs and attorney's fees.
On March 21, 2002, the defendants filed an answer, which included a special defense and four counterclaims. In their special defense, the defendants allege that the sale and purchase price of the property was $115,000. In addition, the defendants dispute receiving $145,000 under the note because the plaintiff, pursuant to an escrow agreement, withheld $30,000 pending the completion of work on the property. Therefore, the defendants allege that the plaintiff breached the escrow agreement by failing to release the $30,000 to the defendants. Moreover, the defendants claim that the plaintiff's breach caused them to cease making monthly payments on the note. Lastly, the defendants aver that the plaintiff made intentional misrepresentations regarding the property to third parties, including, but not limited to realtors and employees of the town of Putnam. CT Page 11077
The defendants' first counterclaim alleges the same facts as their special defense. The second counterclaim incorporates the allegations in the first counterclaim and, further, alleges that the plaintiff assumed wrongful possession of the real property by ousting the defendants and, thereafter, wrongfully selling the property to a third party. The third counterclaim incorporates the allegations in the second counterclaim and, further, avers that the plaintiff engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. Lastly, the fourth counterclaim incorporates the allegations in the second counterclaim and, further, alleges that the plaintiff's actions violated the Creditors' Collection Practices Act (CCPA), General Statutes §36a-645 et seq., by using abusive, harassing, fraudulent, deceptive or misleading representations or practices in attempting to collect the debt.
On April 22, 2002, the plaintiff filed a motion to strike the defendants' special defense and counterclaims on the ground that they fail to state a claim for which relief can be granted and, further, the claims do not relate to the making, validity or enforcement of the note and mortgage. In addition, the plaintiff moves to strike the defendants' special defense and counterclaims because they do not arise out of the same transaction as the complaint, which is the foreclosure of a mortgage. Moreover, the plaintiff argues that all of the defendants' claims relate to the post default conduct of the lender and do not address the foreclosure action itself. On May 1, 2002, the defendants filed an objection and a memorandum of law in opposition to the plaintiff's motion to strike.
 II DISCUSSION
1. Special Defense
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465,472-73, 604 A.2d 814 (1992); see also Practice Book § 10-50. "At common law, the only defenses to an action of [foreclosure were] . . . payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . [O]ur courts have [also] permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is CT Page 11078 prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability; . . . abandonment of security; . . . land usury." (Citations and internal quotation marks omitted.) SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999). "In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses." (Internal quotation marks omitted.) Mercantile Bank v. Hurowitz, Superior Court, judicial district of New Haven at New Haven, Docket No. 381091 (May 2, 2000, Celotto, J.).
"These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder." (Citations omitted; internal quotation marks omitted.) Citimortgage, Inc. v. Lovelett, Superior Court, judicial district of Waterbury, Docket No. 159430 (February 27, 2001, West, J.) (29 Conn.L.Rptr. 105, 106).
In the present case, the defendants' special defense alleges that they made monthly payments on the note and mortgage and that the plaintiff breached the escrow agreement by failing to release $30,000 to the defendants after repairs were made to the property. Specifically, the defendants' aver that the losses and injuries they sustained from the plaintiff's breach of the escrow agreement caused them to cease making payments on the note. In response, the plaintiff moves to strike this special defense on the ground that it is legally insufficient to prevent foreclosure of the mortgage. In addition, the plaintiff argues that the special defense does not address the making, validity or enforcement of the note and mortgage.
To state a claim for breach of contract a party must allege "(1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party and (4) damages." (Internal quotation marks omitted.) Kennedy v. Westledge, Superior Court, judicial district of New Haven at Meriden, Docket No. 262278 (March 12, 1999, Beach, J.) CT Page 11079 (24 Conn.L.Rptr. 268). In the case at bar, the defendants allege in their special defense the formation of an escrow agreement, their performance of the agreement by making repairs to the property, breach of the agreement by the plaintiff in failing to release $30,000 in escrow and damages as a result of the plaintiff's breach.
Under Connecticut law, "the courts are consistent in holding that [a] breach of contract claim is neither a recognized defense to a foreclosure action nor a defense in equity." (Internal quotation marks omitted.)Greenpoint Mortgage Corp v. Ruisi, Superior Court, judicial district of Danbury, Docket No. 333106 (June 1, 1999, Moraghan, J.). Additionally, "defenses dealing with the conduct of the lender after execution of the mortgage may not be asserted in a foreclosure action as a defense, as such assertions do not deal with the making, validity or enforcement of the note." (Internal quotation marks omitted.) PNC Bank v. Slodowitz,Superior Court, judicial district of Waterbury, (July 19, 1999, West,J.). Because the defendants' special defense alleges a breach of contract, that is a breach of an escrow agreement, it is not a recognized defense to the foreclosure action. The defendants' special defense attacks the alleged conduct of the lender, rather than the making, validity or enforcement of the note and, as such, it is an improper defense.
Lastly, the defendants aver in their special defense that the plaintiff made intentional misrepresentations regarding the property to third parties, including, but not limited to realtors and employees of the town of Putnam. "In order for an allegation of misrepresentation to be sufficient to prevent foreclosure on the mortgage it must have been made by the plaintiff to the debtor, and the allegation of misrepresentation must be asserted by the debtor himself." Norwest Bank of Minnesota v.Powell, Superior Court, judicial district of New London at New London, Docket No. 556400 (August 14, 2001, Martin, J.). In the present case, the defendants' allegation of misrepresentation does not claim that the plaintiff made false statements regarding the property to the defendants as debtors, but, rather, to third parties after the defendants defaulted on the note. As such, the defendants' special defense alleges an improper defense to the foreclosure action because it does not address the making, validity or enforcement of the note and mortgage, and instead attacks the post default conduct of the plaintiff. Accordingly, in construing the facts as pleaded in the manner most favorable to sustaining their legal sufficiency, the court finds that the plaintiff's motion to strike the defendants' special defense is granted as a matter of law.
2. Counterclaims CT Page 11080
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Practice Book § 10-10. A counterclaim is "a cause of action existing in favor of a defendant against a plaintiff that a defendant pleads to diminish, defeat or otherwise affect a plaintiff's claim and also allows a recovery by the defendant." (Internal quotation marks omitted.) HomeOil Co., Inc. v. Todd, 195 Conn. 333, 341, 487 A.2d 1095 (1985). "The transaction test [of § 10-10] is one of practicality and the trial court's determination as to whether that test has been met ought not be disturbed except for an abuse of discretion." (Internal quotation marks omitted.) Southbridge Assoc. LLC v. Garofalo, supra, 53 Conn. App. 21. "The making of the note and the . . . subsequent default is the transaction at issue." (Internal quotation marks omitted.) NorwestMortgage v. Clapper, Superior Court, judicial district of Windham at Putnam, Docket No. 060598 (January 4, 2002, Kocay, J.) "[A] counterclaim brought by a defendant in a foreclosure action . . . must address the making, validity or enforcement of the note and mortgage." Bankers TrustCo. v. Megos, Superior Court, judicial district of New London at New London, Docket No. 558890 (March 13, 2002, Martin, J.); accord, New HavenSavings Bank v. LaPlace, 66 Conn. App. 1, 9, 783 A.2d 1174, cert. denied, 258 Conn. 942, 785 A.2d 233 (2001) (affirming trial court's decision granting summary judgment against defendant because his counterclaims were not related to making, validity or enforcement of note.)
In the present case, the defendants' counterclaims relate to the post default conduct of the lender and do not address the foreclosure action itself, nor do they relate to the making, validity or enforcement of the note or mortgage. Specifically, in their first counterclaim the defendants restate the allegations in their special defense. As stated above, the issues in the plaintiff's foreclosure action are the validity of the note and mortgage and the defendants' alleged default. The judges of the Superior Court have repeatedly held that in foreclosure actions, allegations dealing with breach of contract are invalid when they do not relate to the making, validity or enforcement of the note. See PNC Bankv. Slodowitz, supra, Superior Court, Docket No. 137057; Hunt v. Guimond, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 145570 (February 8, 1996, Hickey, J.) Gateway Bank v. Herman, Superior Court, judicial district of Danbury, Docket No. 315947 (October 24, 1995, Stodolink, J.); Fleet Bank v. Winthrop, Superior Court, judicial district of Middlesex at Middletown, Docket No. 065008 (November 25, 1992. Walsh, J.). In the case at bar, the defendants are alleging CT Page 11081 breach of contract based on alleged conduct by the plaintiff after the execution of the note and mortgage. As discussed above, in as much as this alleged breach of contract does not involve the making, validity or enforcement of the note and mortgage, the defendants' first counterclaim is stricken.
The defendants' second counterclaim alleges post default conduct by the plaintiff. Specifically, the defendant claims that the plaintiff wrongfully assumed possession of the property by ousting the defendants and by falsely representing that it had authority to sell the property, which resulted in a wrongful sale and purchase of the property by a third party. In response, the plaintiff argues that the defendants' second counterclaim attacks the post default conduct of the lender, rather than the foreclosure action itself. In addition, the plaintiff contends that the defendants' second counterclaim is improper because it does not relate to the making, validity or enforcement of the note or mortgage.
As this court has previously stated, "counterclaims . . . which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Internal quotation marks omitted.) Fleet Mortgage Corp. v. Bruno, Superior Court, judicial district of Windham at Putnam, Docket No. 063054 (March 8, 2001, Foley, J.) In the present case, the defendants' second counterclaim only alleges actions taken by the plaintiff after the defendants' defaulted on the note and mortgage. Thus, because the defendants' allegations do not arise out the same transaction as the foreclosure action and, further, do not address the making, validity or enforcement of the note or mortgage, the second counterclaim is stricken as a matter of law.
The defendants' third counterclaim alleges the same facts as its second counterclaim and, further, pleads that the plaintiff's wrongful possession of the property by ousting the defendants and, thereafter, wrongfully selling the property to a third party constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA. In response, the plaintiff argues that the defendants' third counterclaim is insufficient as a matter of law because it attacks the post default conduct of the lender and does not address the foreclosure action itself. In addition, the plaintiff contends that the counterclaim arises out of actions not related to the making, validity or enforcement of the note or mortgage.
"The elements of a CUTPA claim are well established." A-1 AutoService, Inc. v. Horkavy, Superior Court, judicial district of New Haven CT Page 11082 at New Haven, Docket No. 392187 (May 24, 2001, Downey, J.). General Statutes § 42-110b (a) states: "No person shall engage in unfair methods of competition and unfair and deceptive acts or practices in the conduct of any trade or commerce." In addition, General Statutes §42-110g (a) provides: "Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action . . . to recover actual damages. . . . The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper."
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice maybe unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. (Internal quotation marks omitted) WillowSprings Condominium Assn., Inc. v. Seventh BRT Development Corp.,245 Conn. 1, 43, 717 A.2d 77 (1998). In the present case, the defendants have not alleged facts to satisfy any of the three criteria of the "cigarette rule" and, thus, the defendants' third counterclaim is stricken.
The defendants' fourth counterclaim incorporates the allegations in the second counterclaim and, further, alleges that the plaintiff's actions violated the CCPA "by using abusive, harassing, fraudulent, deceptive or misleading representations or practices to attempt to collect [the] debt." The plaintiff moves to strike the defendants' counterclaim on the ground that it is legally deficient because the defendant failed to allege a consumer transaction.
General Statutes § 36a-645 (2)(3) states: "`Creditor' means any person to whom a debt is owed by a consumer debtor and such debt results from a transaction occurring in the ordinary course of such person's business. `Debt' means an obligation . . . arising out of a transaction in which the money . . . which [is] the subject of the transaction [is] for personal, family or household purposes. . . ." In addition, General Statutes § 36a-646 provides: "No creditor shall use any abusive, CT Page 11083 harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt." In Morrissey v.Connecticut National Bank, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506035 (February 23, 1993,Hennessey, J.) the court, Hennessey, J., held that a necessary requirement to establishing a violation of the CCPA is to allege that the claim involves a consumer transaction. In the present case, the defendants have not alleged that the subject note and mortgage arise out a consumer-oriented transaction. Nor have the defendants plead that the plaintiff, as lender/mortgagee, engaged in consumer-oriented activities. Therefore, in construing the facts as alleged within the defendant's fourth counterclaim in a light most favorable to sustaining their legal sufficiency, the court finds that the defendants failed to allege facts sufficient to state a claim upon which relief can be granted.
 III CONCLUSION
For the forgoing reasons, the plaintiff's motion to strike the defendants' special defense and all four counterclaims is granted.
____________________________ Francis J. Foley, III Judge of the Superior Court