[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #106
Facts
On March 25, 2002, the plaintiff, Wells Fargo Bank Minnesota, N.A., filed a complaint against the defendants, James Handy, Sr. and Diane Handy.[1] The plaintiff is seeking the foreclosure of the mortgaged property allegedly owned by the defendants. On July 16, 2002, the defendants each filed an identical answer and counterclaim. In March 2002, it is alleged that the plaintiff and defendants entered into a forbearance agreement to avoid the continuance of the foreclosure action. (Counterclaims, ¶ 3.) The defendants allege, inter alia, that the plaintiff breached the forbearance agreement by failing to deliver an executed copy of the agreement to them.[2] In their respective counterclaims, the defendants request that the court: (1) "set off all expenses incurred by the actions of the [p]laintiff)," including attorneys fees and court costs (counterclaims, ¶ 10); (2) "[d]ismiss the mortgage" (counterclaims, ¶ 11); and (3) "declare the note to be void for unfair trade practice . . . by the [p]laintiff . . ." (Counterclaims, ¶ 11).
The plaintiff filed a motion to strike the defendants' counterclaims on July 26, 2002, accompanied by a supporting memorandum. The defendants filed objections to the plaintiff's motion to strike on August 1, 2002.
Discussion
"[A] counterclaim is a cause of action existing in favor of the defendant against the plaintiff and on which the defendant might have secured affirmative relief had he sued the plaintiff in a separate action . . . A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." (Citations omitted; internal quotation marks omitted.) Fairfield LeaseCorp. v. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
CT Page 2771 (1985). "Thus, [i]f facts provable in the [counterclaim] would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Suffield Development Associates Ltd.Partnership v. National Loan Investors, L.P., 260 Conn. 766, 772,802 A.2d 44 (2002). "A motion to strike is properly granted if the [counterclaim] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiff moves to strike the defendants' respective counterclaims on the grounds that (1) the counterclaims do not arise from the same transaction as what is at issue in the plaintiff's complaint; (2) the defendants did not plead the necessary facts to support a breach of contract claim; (3) the counterclaims are improperly joined; (4) the defendants failed to properly plead pursuant to General Statutes §52-91; (5) they failed to plead facts consistent with the alleged forbearance agreement; (6) it is improper for the defendants to claim all expenses incurred in this action. The plaintiff argues that the defendants did not properly plead a cause of action for breach of contract nor allege facts supporting a claim for unfair trade practices. The defendants filed general objections to the plaintiff's motion to strike that did not address the grounds or arguments raised.
Practice Book § 10-10 provides that "[i]n any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff and cross claims against any codefendant provided that each such counterclaim and cross claim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . ." In a foreclosure action, the special defenses and counterclaims must relate to the making, validity or enforcement of the mortgage note. New HavenSavings Bank v. LaPlace, 66 Conn. App. 1, 9, 783 A.2d 1174, cert. denied, 258 Conn. 942 (2001) (affirming the trial court's decision granting summary judgment against the defendant on the ground that his counterclaims were not related to the making, validity or enforcement of the note); see also Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 16-17, 728 A.2d 1114, cert. denied, 249 Conn. 919,733 A.2d 229 (1999).
"In a foreclosure action, the transaction at issue is the execution of a note and mortgage and the subsequent default . . . This court has therefore previously concluded that [a] counterclaim brought by a defendant in a foreclosure action . . . must address the making, validity or enforcement of the note and mortgage . . . [T]he rationale behind this is that counterclaims and special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert CT Page 2772 any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action." (Citations omitted; internal quotation marks omitted.) First NationwideMortgage Corp. v. Gooden, Superior Court, judicial district of New London, Docket No. CV 01 0555982 (May 25, 2001, Martin, J.). "This requirement then is nothing more than an application of Practice Book § 10-10 which provides that `any defendant may file counterclaims . . . provided that each such counterclaim . . . arises out of the same transaction or one of the transactions which is the subject of the plaintiff's complaint . . .'" (Internal quotation marks omitted.) OcwenFederal Bank, FSB v. Stawski, Superior Court, judicial district of New London, Docket No. CV 00 552683 (April 25, 2000, Martin, J.).
"As a general rule, the breach of a forbearance agreement does not address the making, validity, or enforcement of the mortgage and note and therefore does not arise from the same transaction as the complaint in a foreclosure action . . . While a counterclaim arising from a modification agreement may withstand a motion to strike . . . a counterclaim based on a forbearance agreement is subject to a motion to strike when there is no allegation that the agreement modified the original mortgage." (Citations omitted.) Id.
In the present action, the factual basis for the defendants' counterclaims is the alleged breach of the forbearance agreement. The defendants allege that the plaintiff breached the parties' forbearance agreement by not providing a copy of such agreement to the defendants. Because the factual basis for the counterclaims, the forbearance agreement, does not arise from the same transaction as the complaint, nor is it alleged that the forbearance agreement modified the original mortgage, the counterclaims are legally insufficient and must be stricken. The plaintiff's motion to strike the defendants' respective counterclaims is granted.
Martin, J.