SUNSET MORTGAGE *v.* ALFONSO AGOLIO
(AC 27915)

McLachlan, Harper and Lavery, Js.

Argued March 20—officially released July 22, 2008

*T. J. Morelli-Wolfe*, for the appellant (defendant).

*Peter A. Ventre*, for the appellee (substitute plaintiff).

*Opinion*

LAVERY, J. The defendant, Alfonso Agolio, appeals from the trial court's judgment of strict foreclosure rendered after the court granted the motion for summary judgment as to liability only filed by the substitute plaintiff, the Bank of New York.[1] The defendant claims

---

[1] The court granted the motion to substitute the Bank of New York as the plaintiff on September 27, 2004. We will refer to Bank of New York as the plaintiff in this matter.

that equities should balance in his favor and that the court improperly determined that the notice of default was not defective, and, therefore, his motion for summary judgment, and not the plaintiff's, should have been granted. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On August 15, 2003, the defendant executed a $140,250 promissory note payable to Sunset Mortgage. The note was secured by a mortgage on property at 7 Chestnut Lane in Ledyard. The note and mortgage deed were assigned to the plaintiff on July 13, 2004. Since February, 2004, the defendant has either not paid his mortgage payment or paid an insufficient amount. The defendant claims that after the death of his live-in girlfriend in November, 2003, he contacted Sunset Mortgage and was granted a forbearance of his February, 2004 mortgage payment. There is no evidence of this agreement in writing. Sunset Mortgage sent the defendant a notice of default and acceleration on March 4, 2004. The defendant claims that under the promissory note, he could not be late on a payment until the fifteenth of the month, and, therefore, the notice of default was sent prematurely because he had not yet defaulted on his mortgage payments.

Sunset Mortgage initiated the foreclosure action by writ of summons and complaint on June 16, 2004. On December 23, 2004, the defendant filed an answer and a separate seven count counterclaim. In a June 14, 2005 memorandum of decision, the court granted the plaintiff's motion to strike as to six of the counts, leaving only a breach of contract claim. Specifically, the breach of contract counterclaim alleged that Sunset Mortgage did not (1) provide the defendant with a notice of default as required in the promissory note, (2) provide notice of acceleration as required in the promissory note, (3) honor its forbearance of the defendant's February, 2004

mortgage payment, (4) allow the defendant to reinstate the mortgage, (5) provide workout assistance to the defendant and (6) allow three months of missing mortgage payments before it initiated the action.

The plaintiff filed a motion for summary judgment as to liability only on December 1, 2005. On December 15, 2005, the defendant filed a motion for summary judgment as to his remaining counterclaim and an objection to the plaintiff's motion for summary judgment. In an April 7, 2006 memorandum of decision, the court denied the defendant's motion for summary judgment as to his remaining counterclaim and granted the plaintiff's motion for summary judgment as to liability only. The court found that after the defendant did not submit a mortgage payment for the month of February, the plaintiff sent a letter on March 4, 2004, informing the defendant that he was in default for nonpayment and additionally owed late charges for a total of $2514.17, but that he could cure the default by sending the total amount owed plus any regular monthly payments on or before April 3, 2004. The court further found that the defendant sent a check, dated April 1, 2004, in the amount of $1281.60. The court found that the statute of frauds and relevant case law disallowed the recognition of the defendant's claimed forbearance because it was not in writing. The court held that the affidavits and proof provided by the plaintiff established that the defendant defaulted and did not cure the default.

The court granted the plaintiff's motion for a judgment of strict foreclosure on July 17, 2006. The defendant filed his appeal on August 4, 2006.

"The standard for appellate review of a trial court's decision to grant a summary judgment motion is well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if

the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Where the question whether proper notice was given depends upon the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier. . . .

"Notices of default and acceleration are controlled by the mortgage documents. Construction of a mortgage deed is governed by the same rules of interpretation that apply to written instruments or contracts generally, and to deeds particularly. The primary rule of construction is to ascertain the intention of the parties. This is done not only from the face of the instrument, but also from the situation of the parties and the nature and object of their transactions. . . . A promissory note and a mortgage deed are deemed parts of one transaction and must be construed together as such." (Citations omitted; internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 601–602, 677 A.2d 10 (1996).

"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies. . . . In construing a contract, the

controlling factor is normally the intent expressed in the contract, not the intent which the parties may have had or which the court believes they ought to have had. . . . Where . . . there is clear and definitive contract language, the scope and meaning of that language is not a question of fact but a question of law. . . . In such a situation our scope of review is plenary, and is not limited by the clearly erroneous standard. . . . The court will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 707, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002).

Further, because the plaintiff sought summary judgment in a foreclosure action, which is an equitable proceeding, we note that "the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Internal quotation marks omitted.) Id., 705.

On appeal, the defendant claims that his motion for summary judgment should have been granted because he was not yet in default when he received notice, so that the notice of default and acceleration was defective. We shall begin with the language of the promissory note. In this case, the language in the instrument is clear.

Section three of the note states: "Payments. (A) Time and Place of Payments. I will pay principal and interest by making a payment every month. I will make my monthly payments on the 1st of each month beginning on October 1, 2003."

Section seven provides: "Borrower's Failure to Pay as Required. (A) Late Charges for Overdue Payments. If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days

after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once each late payment.

"(B) Default. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."

We next look to the language of the mortgage deed to determine whether the defendant was notified properly of the acceleration. Section twenty-two states: "Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . . The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure or sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in court the non-existence of a default or any other defense of Borrower to acceleration and foreclosure or sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence."

It is clear from the promissory note that when the defendant did not pay his mortgage by the first of the month, he was in default. The plaintiff could not impose a late charge, however, until the fifteenth. Further, there is no question whether there was a payment made in February, 2004; both parties agreed there was no payment. Because of the statute of frauds, there is no genuine issue of material fact as to whether the mortgage payment was due. See *Saunders* v. *Stigers*, 62 Conn. App. 138, 143, 773 A.2d 971 (2001). The written instrument we have is the promissory note, and it clearly states that the mortgage is due every month from October 1, 2003, until September 1, 2033. Therefore, the defendant was in default for his failure to pay the February and March, 2004 mortgage payments, and he owed late charges for the February payment. Notice of the default was not premature when it was sent on March 4, 2004, as the defendant claims. The notice of default also clearly and unambiguously set out the required elements for notice and acceleration as provided for explicitly in the mortgage deed. The court properly concluded that the notice of default and of acceleration was not defective. Further, the court did not abuse its discretion when balancing the equities of this case. We have reviewed all the other claims of the defendant and find that they are without merit.

The judgment is affirmed and the case is remanded for the purpose of setting a new law date.

In this opinion the other judges concurred.