******************************************************

 The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

 All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

 The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* JOSEPH R. PONGER ET AL.
(AC 41014)

DiPentima, C. J., and Moll and Sullivan, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendant T and her former spouse, P. T and P had executed a mortgage deed, and P had executed a note in favor of a predecessor in interest of the plaintiff. The note was later assigned to the plaintiff. After P failed to make payments pursuant to the note, the plaintiff advised him that the note and mortgage were in default, and mailed notice of the default addressed to him, but not to T, at the address of the property at issue, at which P no longer lived at the time that the plaintiff mailed the notice to him there. In the absence of a cure of the default, the plaintiff thereafter elected to accelerate the amount due under the note. T claimed that the plaintiff had failed to provide her with proper notice of the default and acceleration of the note when it sent notice to the property that was addressed to P. The trial court rendered judgment of strict foreclosure for the plaintiff, concluding, inter alia, that the notice of default and acceleration was sent to T as a joint tenant of the mortgaged property and a joint obligor on the mortgage deed. On T's appeal to this court, *held* that the trial court properly rendered judgment of strict foreclosure for the plaintiff, as that court correctly concluded that the notice requirement under the mortgage was satisfied because notice to one joint tenant or joint obligor constitutes notice to the other; because T conceded that, at all relevant times, she and P were joint tenants with respect to the subject property, it was not in dispute that T and P continued as joint obligors under the mortgage, and T did not dispute that her signature was on the mortgage, notice to P constituted notice to T.

Argued November 29, 2018—officially released July 2, 2019

*Procedural History*

Action to foreclose a mortgage on certain real property of the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk, where the court, *Mintz, J.*, granted the plaintiff's motion for summary judgment as to liability as against the named defendant; thereafter, the court, *Hon. A. William Mottolese*, judge trial referee, accepted the parties' stipulation of facts, and the matter was tried to the court, *Hon. A. William Mottolese*, judge trial referee; judgment of strict foreclosure, from which the defendant Theresa Ponger appealed to this court. *Affirmed.*

*Colin B. Connor*, for the appellant (defendant Theresa Ponger).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant Theresa Ponger appeals from a judgment of strict foreclosure rendered by the trial court.[1] On appeal, the defendant's principal claim is that the court erred when it concluded that the plaintiff, Deutsche Bank National Trust Company, as Trustee, in Trust, for Registered Holders of Long Beach Mortgage Loan Trust 2006-WL3, Asset-Backed Certificates, Series 2006-WL3, had provided notice of default and acceleration to her when it sent notice to the subject property addressed to her former spouse, Joseph R. Ponger (Ponger), who no longer resided at the property. Because the court correctly held that the notice requirement under the mortgage was satisfied because notice to one joint tenant or joint obligor constitutes notice to the others, we affirm the judgment of the trial court.

The parties stipulated to the following relevant facts. On September 7, 2005, Ponger executed a note in favor of Long Beach Mortgage Company in the principal amount of $420,000. The note was endorsed in blank and supplied to the plaintiff prior to the commencement of this action. Also on September 7, 2005, Ponger and the defendant executed a mortgage deed in favor of Long Beach Mortgage Company on property located at 23 Macintosh Road, Norwalk. The mortgage was recorded in the Norwalk land records on September 13, 2005.[2] The plaintiff is the present holder of the note.

On or about December 6, 2013, by letter addressed to Ponger at 23 Macintosh Road, Norwalk, Connecticut 06857, the plaintiff advised him that the note and mortgage were in default due to his failure to make the required monthly payments.[3] Notice of the aforementioned default was not addressed to the defendant.[4] In the absence of a cure of the default, the plaintiff elected to accelerate the amount due under the note. On April 15, 2014, the plaintiff provided Ponger and the defendant notice of their rights under the General Statutes as they relate to the Emergency Mortgage Assistance Program. See General Statutes § 8-265cc et seq. The record further indicates that Ponger failed to make payments pursuant to the note from July 1, 2013, to the date of the joint stipulation, May 9, 2017.

The present action was commenced on October 13, 2015, approximately eighteen months after the Emergency Mortgage Assistance Program notice was mailed to the subject property. On May 5, 2016, after the expiration of the court approved foreclosure mediation period, the defendant filed a timely answer asserting, as a special defense, that the plaintiff had failed to provide her with proper notice of default and acceleration. Thereafter, on June 2, 2016, the plaintiff filed a motion for summary judgment as to both Ponger and the defendant. The court granted the motion with respect to Ponger but denied the motion with respect to the

defendant. On May 16, 2017, the parties filed a joint stipulation of facts with the court as to the remaining issues in dispute. On September 6, 2017, the court issued its memorandum of decision finding in favor of the plaintiff. The court determined that "[r]esolution of this issue is controlled squarely by *Citicorp Mortgage, Inc.* v. *Porto*, 41 Conn. App. 598, 600–604, 677 A.2d 10 (1996),"[5] and, thus, concluded in relevant part that the "notice of default and acceleration was sent to [the defendant] as a joint tenant of the mortgaged property and a joint obligor on the mortgage deed." Thereafter, the court rendered judgment of strict foreclosure against both Ponger and the defendant, and set the law day for January 16, 2018. This appeal followed. Additional facts and procedural history will be set forth as necessary.

The defendant's principal claim on appeal is that the court erred when it concluded that the notice requirement provision of the subject mortgage had been satisfied as to the defendant when the plaintiff provided notice addressed exclusively to Ponger.[6] Specifically, the defendant claims that, because she is a "[b]orrower" under the terms of the mortgage, and because the notice provision of the mortgage requires notice of default and acceleration to be given to the "[b]orrower," the plaintiff was required to provide her individually with notice. The defendant further claims that the court improperly applied the legal principles set forth in *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 600, because the present case is distinguishable, and, as a result of the improper application of *Citicorp Mortgage, Inc.*, a necessary condition precedent to the foreclosure action was not met.[7] We disagree.

As an initial matter, we note that the defendant's claim presents a mixed question of law and fact. "Where the question whether proper notice was given depends upon the construction of a written instrument or the circumstances are such as lead to only one reasonable conclusion, it will be one of law, but where the conclusion involves the effect of various circumstances capable of diverse interpretation, it is necessarily one of fact for the trier." (Internal quotation marks omitted.) *Sunset Mortgage* v. *Agolio*, 109 Conn. App. 198, 202, 952 A.2d 65 (2008). Because the plaintiff claims "that the facts found were insufficient to support the court's legal conclusion, this issue presents a mixed question of law and fact to which we apply plenary review." *Winchester* v. *McCue*, 91 Conn. App. 721, 726, 882 A.2d 143, cert. denied, 276 Conn. 922, 888 A.2d 91 (2005).

We begin by addressing the defendant's claim that the court erred when it applied the legal principles set forth in *Citicorp Mortgage, Inc.*, to the present case. In *Citicorp Mortgage, Inc.*, this court addressed whether notice to one joint tenant constituted notice to the others under similar, but not identical, circumstances.

There, the defendant and his spouse were living apart, and neither the defendant nor the spouse resided at the subject property at the time notice was delivered. Similar to the notice provision in the present case, the relevant notice provision provided: "Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it first class to me at the property address above or at a different address if I give the note holder notice of my different address." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 600 n.4. Unlike like the present case, in which the defendant is a signatory only on the subject mortgage, the defendant in *Citicorp Mortgage, Inc.*, was both a signatory on the note and a signatory on the corresponding mortgage.

This court concluded that, although "proper notice of acceleration is a necessary condition precedent to an action for foreclosure . . . the plaintiff provided the defendant with proper notice by mailing the notice of acceleration to [a joint tenant of the defendant]." Id., 603. This court further concluded that, "[w]hile it appears that service of a notice upon one tenant in common is not usually regarded as binding upon the others, unless they are engaged in a common enterprise, the rule is different where the relation is that of a joint tenancy. In such a case, it is said that notice to one of them is binding upon all. 20 Am. Jur. 2d, Cotenancy and Joint Ownership § 113 (1995)." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 603.

Largely informed by our Supreme Court's decision in *Katz* v. *West Hartford*, 191 Conn. 594, 600, 469 A.2d 410 (1983), which reaffirmed long-standing precedent that "[i]n the case of cofiduciaries [and joint tenants] notice to one is deemed to be notice to the other," this court's decision in *Citicorp Mortgage, Inc.*, also restated the long-standing principle that "[n]otice to one of two *joint obligors* conveys notice to the other with respect to matters affecting the joint obligation. *United States* v. *Fleisher Engineering & Construction Co.*, 107 F.2d 925, 929 (2d Cir. 1939)." (Emphasis added.) *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 603–604. Despite the foregoing, the defendant claims that the trial court misapplied the aforementioned standards because, unlike the defendant in *Citicorp Mortgage, Inc.*, who was both a signatory on the note and corresponding mortgage, she was not a signatory on the subject note. We find the defendant's claim unpersuasive.

In a recent decision, this court addressed a similar claim. See *Citibank, N.A.* v. *Stein*, 186 Conn. App. 224, 199 A.3d 57 (2018), cert. denied, 331 Conn. 903, 202 A.3d 373 (2019).[8] In *Citibank, N.A.*, the defendant argued that, because he was a signatory on the subject

mortgage but not a signatory on the corresponding note, notice to his former spouse, who was the sole signatory on the note, was not effective as to him. Id., 250 n.21. This court held that, because the defendant signed the mortgage instrument, thereby pledging the property as security for the debt obligation created by the note, which was signed by the former spouse, the defendant was a joint obligor as to the mortgage and that the notice provided to his former spouse, despite their contrasting endorsements, satisfied the notice requirements under the mortgage. Id., 249–50, 250 n.21.

Critically, at oral argument before this court, the defendant conceded that, at all relevant times, she and Ponger were joint tenants with respect to the subject property.[9] See *Katz* v. *West Hartford*, supra, 191 Conn. 600. Furthermore, it is not in dispute that the defendant and Ponger continued as joint obligors under the subject mortgage. See *Citicorp Mortgage, Inc.* v. *Porto*, supra, 41 Conn. App. 603–604. Further still, the defendant has not challenged the stipulation or otherwise disputed that her signature is on the mortgage. Accordingly, we conclude that the present case falls squarely within the ambit of this court's decision in *Citicorp Mortgage, Inc.*, and, therefore, the notice to Ponger constituted notice to the defendant.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.

[1] Joseph R. Ponger was also a defendant at trial but does not appeal from the judgment of strict foreclosure. In this opinion, we refer to Theresa Ponger as the defendant and to Joseph R. Ponger as Ponger. Several subsequent encumbrancers also were named as defendants, but they are not parties to this appeal.

[2] By virtue of assignments of the mortgage from Long Beach Mortgage Company to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-WL3, dated April 7, 2010, and recorded June 11, 2010, in volume 7200 at page 113 of the Norwalk land records, and thereafter from Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-WL3 to the plaintiff, dated August 20, 2015, and recorded October 9, 2015, in volume 8244 at page 101 of the Norwalk land records, the plaintiff became the mortgagee of record.

[3] The notice provision of the subject mortgage provides in relevant part: "Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender." The subject mortgage defines the "[b]orrower" as "Joseph Ponger and Theresa Ponger."

[4] Relatedly, the defendant claims that the court erred when it concluded that the plaintiff's admission that notice was not individually addressed to the defendant did not preclude judgment of strict foreclosure. Because the plaintiff's admission is not legally significant as to the defendant's claim on appeal, we decline to address it.

[5] The principal issue before the trial court essentially was identical to the issue now presented on appeal, namely, whether the plaintiff was required to provide the defendant with individual notice of default and acceleration pursuant to the notice provision in the subject mortgage.

[6] In addition, the defendant claims that, even assuming arguendo that she received the notice sent by the plaintiff to Ponger, the notice failed to comply with certain requirements set forth in the mortgage deed and, thus, was deficient. The defendant failed to raise this distinct claim before the trial court and, therefore, we decline to review it. See *DiMiceli* v. *Cheshire*, 162

Conn. App. 216, 229–30, 131 A.3d 771 (2016) ("Our appellate courts, as a general practice, will not review claims made for the first time on appeal. We repeatedly have held that [a] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . . [A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court." [Internal quotation marks omitted.]).

[7] Additionally, in her brief the defendant argues that the court erred when it concluded that she and Ponger were joint tenants as to the subject property. At oral argument, however, the defendant conceded that, at all relevant times, she remained a joint tenant to the subject property.

[8] *Citibank, N.A.* v. *Stein*, supra, 186 Conn. App. 224, was officially released two days prior to oral argument. We note that neither the plaintiff nor the defendant chose to submit invited post argument memoranda to address its relevancy. See Practice Book § 67-10.

[9] See footnote 7 of this opinion.

_____